UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK --------------------------------------------------------X
ERNESTO GARCIA, *individually and on behalf*

    *of others similarly situated*,

          *Plaintiff*,

-against-

2390 CRESTON REALTY LLC, 2390 C LLC, and DENALI MANAGEMENT INC.,

          *Defendants.*

--------------------------------------------------------X

Case No. 7:23-cv-01129-NSR

**AMENDED COMPLAINT COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) and CLASS ACTION UNDER FRCP 23**

Plaintiff ERNESTO GARCIA, by and through his attorneys, STILLMAN LEGAL PC., brings this Action on behalf of himself and other similarly situated employees of Defendants 2390 CRESTON REALTY LLC, 2390 C LLC, and DENALI MANAGEMENT INC. (collectively, the "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1. This Complaint seeks to recover, inter alia, unpaid overtime wage compensation for Plaintiff, a former employee of Defendants 2390 CRESTON REALTY LLC, 2390 C LLC and DENALI MANAGEMENT INC., respectively the former and present owners of the building and property located at 2390 Creston Avenue, Bronx, New York 10468, and the property manger, where Plaintiff was primarily employed as the resident janitor, residing in an employer provided basement apartment.

2. At all times relevant hereto, Defendants were required to compensate Plaintiff: (I) at the New York State minimum rate of $15.00 per hour; and (ii) at the overtime pay

at one and one-half the regular rate for work in excess of forty (40) hours per work week for all work Plaintiff performed respectively for Defendants beyond the scope of normal janitorial duties.

3. However, Defendants at all times failed to pay Plaintiff his lawful minimum and overtime pay despite typically working in excess of (23) twenty three hours per week in non-janitorial services and duties.

4. At all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the minimum and the overtime compensation required by federal and state law and regulations.

5. Plaintiff also asserts claims under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates and overtime wage rates in violation of provisions of the FLSA and the NYLL.

6. Accordingly, Plaintiff now brings this Action on behalf of himself for federal and state claims relating to unpaid minimum and overtime wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

7. Plaintiff further seeks certification of this action on behalf of himself and similarly situated employees pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 28 USC § 1331 and 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

9. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

11. Venue is proper in the Southern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendant reside in this District, Plaintiff resides in this District and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

12. Plaintiff ERNESTO GARCIA ("GARCIA") is and was at all times relevant hereto an individual residing in Bronx County, City and State of New York.

13. Plaintiff GARCIA was initially employed by Defendant 2390 CRESTON REALTY LLC ("2390 CREASTON REALTY"), as its resident janitor at Defendant's building, 2390 Creston Avenue, Bronx, New York 10468 (the "Property"), a twenty (20) unit building, from January 2019 until December 9, 2021, when 2390 CREASTON REALTY sold the Property to Defendant 2390 C LLC.

14. As part of Plaintiff's compensation, Defendant 2390 CRESTON REALTY LLC gave Plaintiff a basement apartment at the Property where Plaintiff resided.

15. Following the sale of Property, Plaintiff was employed by Defendant 2390 C LLC and its property manager, DENALI MANAGEMENT INC., as the resident janitor and continued to reside in the owner provided basement apartment in the Property, until Plaintiff's voluntary termination on September 26, 2022.

16. In addition to his round-the-clock janitorial work, Plaintiff was regularly required by the Defendants to perform additional duties and services outside the regular

scope of his janitorial duties as defined by New York City Administrative Code § 27-2052; 12 NYCRR § 141-2.5(b);, for which Defendants were required to compensate Plaintiff at the minimum and statutory overtime wage rates in addition to his regular janitorial wages.

17. Defendants failed to pay Plaintiff the minimum and overtime wages required by the FLSA and NYLL.

18. At all times relevant hereto, Plaintiff GARCIA was a covered employee within the meaning of the FLSA and the NYLL.

19. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**Defendants**

20. Defendant 2390 CRESTON REALTY LLC is, upon information and belief, a duly organized New York limited liability company with a principal place of business located at 100A Broadway, Suite 449, Brooklyn, New York 11249.

21. Defendant 2390 C LLC is, upon information and belief, a duly organized Delaware limited liability company, authorized to conduct business in the State of New York with offices located at C/O DENALI MANAGEMENT INC., 20 S Broadway, Suuite 300, Yonkers, New York 10701.

22. Defendant DENALI MANAGEMENT INC is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 20 S Broadway, Suite 300, Yonkers, New York 10701.

23. Upon information and belief and at all times relevant herein, Defendants 2390 CRESTON REALTY LLC, 2390 C LLC, and DENALI MANAGEMENT INC., were each respectively engaged in interstate commerce, in that they each rely heavily on products

that have been transported across state lines, and generate annual gross revenues in excess of $500,000 per year, independent of excise taxes, for each year relevant to Plaintiff's claims.]

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees of Defendants who work or have worked for Defendants from February 9, 2017, and the date of final judgment in this matter ("the Class"). for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

25. Excluded from the Class are, inter alia, Defendants' employees who will submit timely and otherwise proper requests for exclusion from the Class.

26. On information and belief, the size of the Class is roughly 20 individuals. Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

27. Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following

   a. Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations;

   b. Whether Defendants failed to compensate the Class their minimum wage per unit and wages and overages per hour;

   c. Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek;

   d. Whether Defendants misclassified Plaintiff and members of the Class as janitorial staff or exempt;

e. Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class, and other records required by the NYLL;

f. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

g. The nature and extent of the class-wide injury and the measure of damages for those injuries.

28. Plaintiff's claims are typical of the Class's claims that he seeks to represent. Defendants employed Plaintiff and the Class in New York State. Plaintiff and the Class enjoy the same NYLL rights to receive minimum wage; overtime, to be protected from unlawful deductions; to have legally sufficient record-keeping. Plaintiff and the Class have all sustained similar type of damages as a result of the Defendants' non-compliance with the NYLL. Plaintiff and the Class have all been injured by virtue of Defendants under compensation of them or Defendants' failure to compensate them due to Defendants' common policies, practices and patterns of conduct.

29. Plaintiff will fairly and adequately represent and protect the interests of the Class's members. Plaintiff understand that as class representatives he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognize that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. Plaintiff understand that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the Class's interests. Plaintiff recognize that any resolution of a class action must be in the best interest of the Class. Plaintiff understand that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition/trial. Plaintiff have retained counsel competent and experienced in complex

class actions and employment litigation. There is no conflict between Plaintiff and the Class.

30. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

31. This action is properly maintainable as a class action under FRCP 23(b)(3), Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

32. The Property, 2390 Creston Avenue, Bronx, New York 10468 (the "Property"), is improved by a five-story residential building with twenty residential units contained therein.

33. From prior to January 2019, until December 9, 2021, Defendant 2390 CRESTON REALTY LLC owned the Property; thereafter until the present Defendant 2390 C LLC, has owned the Property, which is now maintained and managed for

Defendant 2390 C LLC by Defendant DENALI MANAGEMENT INC.

34. From January 2019 until December 9, 2021, Defendant 2390 CREASTON REALTY LLC was Plaintiff's employer, possessing the power and authority to hire and fire Plaintiff, control the terms and conditions of employment, determine the rate and method of any compensation in exchange for Plaintiff' services and to supervised Plaintiff' work schedules and conditions of his employment.

35. Indeed, Defendant 2390 CREASTON REALTY LLC's agent/member "Martin Jacobs" personally interviewed and hired Plaintiff and thereafter gave him his specific work assignments and work shifts and set Plaintiff's rate of compensation and handed Plaintiff his weekly pay.

36. From December 9, 2021, until Plaintiff's voluntary termination on September 26, 2022, Defendants 2390 C LLC and Defendant DENALI MANAGEMENT INC. were Plaintiff's employer, collectively possessing the power and authority to hire and fire Plaintiff, control the terms and conditions of employment, determine the rate and method of any compensation in exchange for Plaintiff' services and to supervised Plaintiff' work schedules and conditions of his employment.

37. Defendants 2390 C LLC and Defendant DENALI MANAGEMENT INC., through their agent/employee/principal-member, Julian, interviewed and retained Plaintiff as superintendent/custodian/janitor and thereafter gave him his specific work assignments and work shifts and set Plaintiff's rate of compensation and handed Plaintiff his weekly pay.

38. Defendants 2390 C LLC and Defendant DENALI MANAGEMENT INC. constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between these Defendants is fictional; Indeed Defendant 2390 C LLC offices are located inside Defendant DENALI MANAGEMENT INC. office at 20 S

Broadway, Suite 300, Yonkers, New York 10701.

39. Accordingly, Defendants, respectively and successively, were Plaintiff's employers and similarly were the employers of all similarly situated individuals employers within the meaning of the FLSA, NYLL.

40. As part of their regular business practice, Defendants separately, intentionally, willfully and repeatedly harmed Plaintiff and the other class member employees by successively engaging in a pattern and/or policy of violating the FLSA and NYLL. This pattern and/or policy included, inter alia, the following:

   a. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for non-janitorial worked performed in excess of forty (40) hours per week

   b. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL; and

   c. failing to provide statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff and other similarly situated employees' relative lack of sophistication in wage and hour laws.

41. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the other class members.

42. Defendants further controlled, supervised, guided and instructed what limited recordkeeping took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff ERNESTO GARCIA**

43. From January 2019 until December 9, 2021, Plaintiff GARCIA was employed without interruption by Defendant 2390 CREASTON REALTY LLC as a resident-janitor for Defendant's residential building at 2390 Creston Avenue, Bronx, New York 10468, a twenty (20) unit building.

44. Plaintiff GARCIA Plaintiff was paid at a flat rate of $270 per week and further received from Defendant, rent free a basement apartment.

45. Plaintiff was paid the appropriate rate for janitorial services pursuant to 12 NYCRR 141-1.2; however Plaintiff GARCIA was further required in addition to his employment obligation to perform traditionally non-janitorial services and duties for 23 hours per week which he did not receive minimum wage or overtime wage as required by both the FLSA and NYLL.

46. From December 9, 2021, until his voluntary termination on September 26, 2022, Plaintiff GARCIA was employed without interruption by Defendants 2390 C LLC and Defendant DENALI MANAGEMENT INC. as a resident-janitor for Defendant's residential building at 2390 Creston Avenue, Bronx, New York 10468, a twenty (20) unit building.

47. Plaintiff GARCIA worked five and one-half day per week, Monday to Friday, 10 AM to 5 PM, and Saturdays half days, for typically 40 hours per week in janitorial services and duties. Plaintiff was paid at a flat rate of $230 per week and further received from Defendant, rent free a basement apartment at the Property.

48. Although Plaintiff was paid the appropriate rate for janitorial services pursuant to 12 NYCRR 141-1.2 for the services he performed he was not compensated at all by Defendants 2390 C LLC and Defendant DENALI MANAGEMENT INC. for the traditional non-janitorial services and duties he was

required to perform for 23 or more hours per week.

49. Plaintiff GARCIA did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff GARCIA did not come and go at his pleasure but rather was controlled by Defendants.

50. Plaintiff GARCIA was not required to punch in or out.

51. Plaintiff GARCIA was a covered employee within the meaning of the FLSA and the NYLL for the non-janitorial services he was required to perform and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff GARCIA work is properly characterized as menial physical labor.

52. Plaintiff GARCIA regularly handled goods in interstate commerce and other items produced outside of the State of New York.

53. Plaintiff worked without appropriate minimum and/or overtime wages from the beginning and until the end of his respective employments with Defendants for the non-janitorial duties he was required to perform.

54. No notification, either in the form of posted notices, or other means, were ever given to Plaintiff GARCIA regarding wages as required under the FLSA and NYLL.

55. Defendants did not provide Plaintiff GARCIA with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

56. Defendants never provided Plaintiff GARCIA with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

## **Defendants' General Employment Practices**

57. As part of their regular business practices Defendants required Plaintiff

GARCIA to work in excess of forty (40) hours per week in non-janitorial services without paying Plaintiff the proper minimum and overtime wages as required by federal and state laws.

58. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the amount of hours he had worked.

59. Defendants failed to post the statutorily required wage and hour posters and did not provide Plaintiff GARCIA with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

60. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, and (ii) minimum and overtime wages.

61. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

62. Throughout the relevant time period, Defendants paid Plaintiff GARCIA wages without providing accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3).

63. Defendants failed to provide Plaintiff GARCIA with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; the name of employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

## **FIRST CAUSE OF ACTION**
**(Violation of FLSA Minimum and Overtime Wage/ Recordkeeping Provisions)**

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

66. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

67. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum wage, and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek for the non-janitorial duties he was required to perform by Defendants, all in violation of 29 U.S.C.§ 207 (a)(1).

68. Defendants' failure to pay Plaintiff the applicable minimum wage and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

69. Defendants failed to satisfy the FLSA's recordkeeping requirements.

70. Defendants acted willfully in their violations of the FLSA's requirements.

71. Plaintiff (and the FLSA class members) seeks damages for his unpaid lawful minimum and overtime wages, liquidated damages as provided by the FLSA for wage

violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Unpaid Minimum and Overtime Wages Under New York Labor Law)**

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff the applicable minimum wages and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workwee for the non-janitorial duties he was required to perform by Defendants.

74. Defendants' failure to pay Plaintiff the applicable minimum wage and overtime wage was willful within the meaning of N.Y.Lab.Law § 663.

75. Due to Defendants' willful violations of the NYLL, Plaintiff GARCIA is entitled to recover from Defendants his unpaid minimum and overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**

76. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout his employment listing, *inter alia*, all his regular and any overtime hours of work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

78. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that

the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ERNESTO GARCIA, respectfully request that this Court enter judgment against Defendants 2390 CRESTON REALTY LLC, 2390 C LLC, and DENALI MANAGEMENT INC., as follows:

a. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

b. Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

c. Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

d. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

f. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or

credits taken against wages;

  g. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

  h. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  i. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

  j. All such other and further relief as the Court deems just and proper.

  k. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

  l. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

  m. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

  n. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
   March 31, 2023

         LINA STILLMAN, ESQ.

         ___/s/ Lina Stillman_____
         Lina Stillman, Esq.
         Attorneys for Plaintiff
         Stillman Legal, P.C.
         42 Broadway, 12t Floor

New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com