**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X Case No. 1:22-cv-09172-LGS
**ERNESTO GARCIA,** *individually and on behalf*
*of others similarly situated*,

                            ***Plaintiff*,**

    **-against-**

**2390 CRESTON REALTY LLC, 2390 C LLC,**
**and DENALI MANAGEMENT INC.,**

                           ***Defendants.***

-------------------------------------------------------------X

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                │
│ DOCUMENT                                 │
│ ELECTRONICALLY FILED                     │
│ DOC #: _____            │
│ DATE FILED: 7/28/2023_____              │
└─────────────────────────────────────────┘
```

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST 2390 CRESTON REALTY LLC

**STILLMAN LEGAL PC**
*Attorneys for Plaintiff*
**42 Broadway, 12th Floor**
**New York, New York 10004**
**212-203-2417**

The Court notes that this filing is not a notice of "motion," but a memorandum of law in support of Plaintiff's application for default judgment. Therefore, the Clerk of the Court is directed to terminate the motion at ECF No. 28.

Dated: July 28, 2023
     White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**…………………………………………………………… ii

**PRELIMINARY STATEMENT** …………………………………………………….. 1

**PROCEDURAL HISTORY**……………………………………………………....… 1

**STATEMENT OF FACTS** ………………………………………………………...... 2

**STANDARD OF REVIEW** ………………………………………………....… 4

**ARGUMENT**………………………………………………………………………… 6

**POINT ONE**

**ENTRY OF DEFAULT AGAINST DEFENDANT 2390 CRESTON REALTY LLC WAS APPROPRIATE**

**POINT TWO**

**PLAINTIFF HAS ESTABLISHED ENTITLEMENT TO DEFAULT JUDGMENT AGAINST DEFENDANT 2390 CRESTON REALTY LLC ON HIS FLSA AND NYLL CLAIMS**

**POINT THREE**

**PLAINTIFF IS ENTITLED TO MONETARY DAMAGES AGAINST DEFENDANT 2390 CRESTON REALTY LLC ON HIS NYLL CLAIMS**

**CONCLUSION**……………………………………………………………………17

## **TABLE OF AUTHORITIES**

### **CASES**

*Almanzar v. Townhouse Mgt. Co., Inc.* …………………………………………….. 3, 10, 11
   2015 NY Slip Op 32401(U) (Sup Ct. NY Cnty 2015

*Arellano v. Green Apple 37 Inc.*, 20-cv-5293 (LJL) ……………………………………...11, 14
   (S.D.N.Y. Sep. 23, 2021)

*Chen v. Major League Baseball*, 6 F. Supp. 3D 449………………………………………… 11
   (S.D.N.Y. 2014)

*City of New York v. Mickalis Pawn Shop, LLC*, ……………………………………………… 4
   645 F.3d 114 (2d Cir. 2011)

*D'Arpa v. Runway Towing Corp.*, 2013 WL 3010810 ………………………………….… 11
   (E.D.N.Y. June 18, 2013)

*D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95 (2d Cir. 2006) ……………………….… 4

*Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95-96 (2d Cir. 1993)……………………….….. 6

*Fermin v. Las Delicias Peruanas Rest. Inc.*, 93 F. Supp. 3d 19 (E.D.N.Y. 2015) ……..…… 9

*Finkel v. Romanowicz*, 577 F.3d 79 (2d Cir. 2009)………………………………………….. 5

*Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151 (S.D.N.Y. 1988)...……………..……….5

*Gao v. Jian Song Shi*, 2021 WL 1949275, at *19 (E.D.N.Y. 2021) …………………..4, 9, 11

*Godoy v. Restaurant Opportunity Ctr. of New York, Inc.*……………………….…………... 10
   615 F. Supp. 2d 186 (S.D.N.Y. 2009)

*Gonzales v. Gan Israel Pre-Sch.*, 2014 WL 1011070 (E.D.N.Y. Mar. 14, 2014) ………….. 13

*Gordon v. Gen. Prop. Mgmt. Assocs., Inc.*, 496 F. Supp. 3d 830 (S.D.N.Y. 2020)………….. 8

*Greyhound Exhibition Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 …………………11
   (2d Cir. 1992)

*Gunawan v. Sushi Sake Rest.*, 897 F. Supp. 2d 76 (E.D.N.Y. 2012) …………………..……… 5

*Guthrie v. Rainbow Fencing Inc.,* ………………………………………………………………15
    2023 WL 2206568 (E.D.N.Y. Feb. 24, 2023)

*Hood v. Ascent Med. Corp.*, 2016 WL 1366920 (S.D.N.Y. Mar. 3, 2016) ……………….….. 5

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) …………………………………….. 10

*Jiaren Wei v. Lingtou Zhengs Corp.*, 2014 U.S. Dist. LEXIS 182325………………..…. 5, 14
    (E.D.N.Y. Dec. 3, 2014)

*Koljenovic v. Marx,* 999 F. Supp. 2d 396 (EDNY 2014) ………………………………….. 10

*Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 402 (2d Cir. 2019) …………………..…… 7

*New York v. Green*, 420 F.3d 99 (2d Cir. 2005) ……………………………………….…... 4

*Neor v. Acacia Network, Inc.*, …………………………………………………………..…15
    2023 WL 1797267 (S.D.N.Y. Feb. 7, 2023)

*Noble v. 93 Univ. Place Corp.*, 303 F. Supp. 2d 365 (S.D.N.Y. 2003) …………………..…… 12

*Ortega v. JR Primos 2 Restaurant Corp.*, 2017 WL 2634172 …………………..………….12
    (S.D.N.Y. June 16, 2017)

*Padilla v. Manlapaz*, 643 F. Supp. 2d 298 (E.D.N.Y. 2009) …………………………….…… 8

*Padilla v. Sheldon Rabin, M.D., P.C.*, 176 F. Supp. 3d 290 (E.D.N.Y. 2016) …………….…... 12

*Parada v. Banco Indus. de Venezuela, C.A.*, 753 F.3d 62 (2d Cir. 2014)…….………………12

*Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253 (2d Cir. 1999) ………………….………….. 13

*Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp.3d 4, 13 (S.D.N.Y. 2015) …………………… 12

*Santana v. Latino Express Restaurants, Inc.*, 2016 WL 4059250 ……………………..…… 14
    (S.D.N.Y. July 28, 2016)

*Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290 (1985) ...………..………….. 8

*Transatlantic Marine Claims Agency v. Ace Shipping*, 109 F. 3D 105 (2d Cir. 1997)…….… 13

*United States v. Myers*, 236 F. Supp. 3D 702 (E.D.N.Y. 2017)…………………………… 14

*WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019) …...…… 5

*Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, 2016 WL 4704917 ………………….…..…..16
    (S.D.N.Y. Sept. 8, 2016)

## <u>STATUTES</u>

Fed. R. Civ. P. 54(c) …………………………………………………….…… 6

Fed. R. Civ. P. 55(a) ……………………………………………..….…4, 7

Fed. R. Civ. P. 55(b)…………………………………………….…..…….…… 7

Fed. R. Civ. P. 55(b)(2) ……………………………………………..…. 7,13

Fed. R. Civ. P. 55(b)(2)(b) …..……………………………………………13

29 U.S.C. § 203(b)…………………………………………………….………8

29 U.S.C. § 203(s)(1)(A) ………………………………………………….……8

29 U.S.C. § 203(d) …………………………………………..…….……… 8

29 U.S.C. § 206 …………………………………………………...……..8

29 U.S.C. § 206(a) ……………………………………………….……..…... 9

29 U.S.C. § 207(a)(1) ………………………………………….……… 7

29 U.S.C. § 207(a)(2)(C) ………………………………………………… 14

29 U.S.C. § 213(a) ………………………………………………..…….11

29 U.S.C. § 216(b)……………………………………………….……….... 8, 14, 15, 16

29 U.S.C. § 255(a) …………………………………………………………...…..…… 12

NY CPLR 5004 ……………………………………………………………...…… 16

NYLL § 190 *et seq.* ……………………………………………………..……….... 1

NYLL § 190 ……………………………………………………………………... 1

NYLL § 195(1) ……………………………………………..……………….. 11, 15

NYLL § 198 …………………………………………………..………….... 15, 16

NYLL §198(3) ……………………………………………………………12, 13

NYLL § 650 *et seq.* …………………………..……………………..…………… 2

NYLL § 652(1) ……………………………………………………..…… 15

NYLL §§ 655 …………………………………………………..……….12

NYLL §§ 656 ……………………………………………………..……..12

NYLL § 663(1) …………………………………………………….....… 15

NYLL § 663(3) ……………………………………………………...… 7,11, 12, 13, 14

## RULES AND REGULATIONS

29 CFR § 778.5 ……………………………………………………………… 14

12 NYCRR § 141-1.3 ………………………………………….……... 10

12 NYCRR § 141-1.4 ………………………………………………… 10

12 NYCRR  § 142-2.2 ……………………………………………….... 12

12 NYCRR § 143-1.3 ……………………………………………… 14

12 NYCRR § 146-1.4 …………………………………………………... 7, 11, 14

New York City Administrative Code § 27-2052 ……..………………………………………. 3, 10

## PRELIMINARY STATEMENT

Plaintiff ERNESTO GARCIA ("GARCIA"), by his counsel, respectfully submits this memorandum of law in support of his application for the entry of default judgment against Defendant 2390 CRESTON REALTY LLC ("2390 CRESTON REALTY"), pursuant to Fed. R. Civ. P. 55(b) (1) and Local Rule 55.2(b).

## RELEVANT PROCEDURAL HISTORY

The Court is respectfully referred to the accompanying Affirmation of Lena Stillman, Esq. dated July 10, 2023 at ¶¶14 through 20, inclusive, for the full procedural history of this action, which for brevity shall not be repeated herein.

As is relevant to this application for default judgment, Plaintiff commenced this action, on behalf of himself and similarly situated employees of Defendants 2390 C LLC, and DENALI MANAGEMENT INC. (the "DENALI Defendants"), asserting claims for unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") §§ 190 and 650 et seq., and NYLL wage notice and statement violations and statutory liquidated damages, interest, attorneys' fees and costs (ECF No. 1). After the DENALI Defendants appeared and requested a Conference in regard to a Motion to Dismiss, Plaintiff obtained leave of the Court (Román, U.S.D.J.) to amend the Complaint (ECF No. 13).

Following due Service of the First Amended Complaint (the "AC") (ECF No. 15), which added 2390 CRESTON REALTY as a defendant and included the separate claims stemming from Plaintiff's period of employment with 2390 CRESTON REALTY, the DENALI Defendants obtained permission to move to dismiss the amended complaint (ECF No. 18), with motion papers by July 28, 2023  (ECF No. 27).

Defendant 2390 CRESTON REALTY however, failed to answer or otherwise respond to the First Amended Complaint and on June 20, 2023 the Clerk of the Court entered a Certificate of Default against said Defendant (ECF No. 25).

For the reasons set forth below, it is respectfully submitted that Plaintiff's application for Default Judgment against Defendant 2390 CRESTON REALTY should be granted in its entirety, and that Plaintiff be awarded judgment against 2390 CRESTON REALTY in the amount of **$267,640.00,** with prejudgment interest in the amount of $1,540.33 for a total of **$269,180.33**.

## RELEVANT STATEMENT OF FACTS

The following facts with respect to Plaintiff's term of employment with Defendant 2390 CRESTON REALTY are drawn from the First Amended Complaint (ECF No. 15) ("Am. Compl." or "AC"), Plaintiffs' declaration, and the accompanying affidavit of Lina Stillman, Esq. with exhibits, and are accepted as true for purposes of this motion.

Defendant 2390 CRESTON REALTY, a domestic limited liability company previously owned the twenty (20) unit residential building located at 2390 Creston Avenue, Bronx, New York 10468 (the "Building"). Plaintiff was employed by Defendant 2390 CRESTON REALTY as its residential janitor for the Building from *January 2019* until *December 9, 2021*, when Defendant 2390 CRESTON REALTY sold the Property to Defendant 2390 C LLC. CRESTON REALTY was Plaintiff's employer under the FLSA and NYLL in that, during Plaintiff's period of employment, it wielded the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for his services (*Id*. at ¶24).

At all times relevant to this action, Defendant 2390 CRESTON REALTY had a gross annual volume of sales, exclusive of excise taxes at the retail level that are

separately stated, of not less than $500,000 per year. (*Id*. ¶25).

As Defendant 2390 CRESTON REALTY's employee-janitor from *January 2019 until December 9, 2021*, Plaintiff worked five and one-half days per week, Monday to Friday, 10 AM to 5 PM, and Saturdays half days, for typically 40 hours per week in janitorial services and duties. Plaintiff received a flat rate of $270 per week and further received from Defendant a rent free a basement apartment at the Property, all in conformity with the appropriate compensation rate for residential janitors pursuant to 12 NYCRR 141-1.2.

However in addition to his "round-the-clock" janitorial work, Plaintiff was required by Defendant 2390 CRESTON REALTY to perform additional duties and services, such as "major repairs" – *i.e.*, painting and plastering apartments, replacing/installing plumbing, fixtures and cabinetry, and mold removal – which fell outside the scope of normal janitorial duties, New York City Administrative Code § 27-2052; 12 NYCRR § 141-2.5(b), and for which Defendants were required to compensate Plaintiff at the minimum and statutory overtime wage rates provided for in the FLSA and NYLL, in addition to his regular janitorial wages. *Almanzar v Townhouse Mgt. Co., Inc.*, 2015 NY Slip Op 32401(U) (Sup Ct. NY Cnty 2015); 12 NYCRR § 141-2.5(b).

Plaintiff regularly worked in excess of forty (40) hours a week Monday through Saturday from 5 pm to 1 a.m. performing these non-janitorial tasks, and for which he never received any additional compensation. *See* Garcia Declaration at ¶¶ 9-11. In fact, Plaintiff never received the applicable New York minimum compensation rate nor the overtime wages of one and one-half the minimum rate for these hours in excess of forty (40) hours worked per week.

Further, Defendant never provided Plaintiff with any accurate wage statement or

other statement accounting for his actual hours worked, or setting forth the rate of pay

for all of his hours worked. Plaintiffs never observed any posters of state or federal

notices with information about the minimum wage and overtime laws. Amend.

Complaint.

The First Amended Complaint asserts three (3) causes of action: (1) Claim for

FLSA unpaid overtime wage compensation; (2) Claim for NYLL unpaid overtime wage

compensation; and (3) Claim for NYLL wage statement and wage notice violations.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides a two-step process for the entry of

judgment against a party who fails to defend: the entry/notation of a default by the Clerk

of Court, Fed R. Civ. P. 55(a), and, if the defaulting party fails to appear or otherwise

move to set aside the default, the entry of a default judgment. *See New York v. Green*,

420 F.3d 99, 104 (2d Cir. 2005).

Entry of default judgment against the defaulting defendant at the second step is

appropriate where the allegations against that defendant are well pleaded. *See City of*

*New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). While a

"defendant's default is an admission of all well-pleaded allegations against the

defaulting party" *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 107 (2d Cir. 2006), it

is not an admission of conclusions of law, *Mickalis Pawn Shop, LLC*, 645 F.3d 114 at

137; *Gao v. Jian Song Shi*, 2021 WL 1949275, at *19 (E.D.N.Y. 2021).

Accordingly, before granting default judgment the Court is "required to determine

whether the plaintiff's allegations are sufficient to establish the defendant's liability as a

matter of law", *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009), "aided by the

additional step of drawing inferences in the non- defaulting party's favor." *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019).

Where the uncontroverted facts establish each defendant's liability on each cause of action asserted, default judgment is appropriate. *Finkel v. Romanowicz*, 577 F.3d at 84.

However, a default judgment entered on well-pleaded allegations does not reach the issue of damages, and the Plaintiffs "must therefore substantiate [their] claim for damages with evidence to prove the extent of those damages." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017).

In the context of a default judgment motion to recover damages for violations of the FLSA and the NYLL, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Jiaren Wei v. Lingtou Zhengs Corp.*, 2014 U.S. Dist. LEXIS 182325, *21(E.D.N.Y. 2014); quoting *Gunawan v. Sushi Sake Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012).

Lastly, while "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." *Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y. 1988) (collecting cases), *aff'd*, 873 F.2d 38 (2d Cir. 1989).

Under these well-established principals Default Judgment here is warranted as: (1) the grounds for default are clearly established; (2) the claims were amply pleaded in the complaint, thereby placing the defaulting defendant on notice of the relief sought,

see Fed. R. Civ. P. 54(c); and (3) Plaintiff substantiates the monetary damages demanded in the pleadings. *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95-96 (2d Cir. 1993).

## ARGUMENT

## POINT ONE

### ENTRY OF DEFAULT AGAINST DEFENDANT 2390 CRESTON REALTY LLC WAS APPROPRIATE

Initially, the Court must determine whether Defendant 2390 CRESTON REALTY has properly defaulted in answering and/or appearing and whether the Clerk's entry of default was appropriate.

As appears from the Court's docket, this Defendant was properly served in accordance with Fed. R. Civ. P. Rule 4 and NY CPLR 308 and/or NY Limited Liability Company Law § 303, by service of process upon the Secretary of State of the State of New York[1] (See ECF No. 21). Such service is full authorized by Fed. R. Civ. P. Rule 4(e)(1), which provides in relevant that a party may effect service by "following state law . . . [of] the state where the district court is located."

Accordingly, as the uncontroverted filing herein demonstrates that Defendant 2390 CRESTON REALTY was properly served, it is evident that said Defendant defaulted in pleading or otherwise appearing, and its time to do so was not extended. As such, the Clerk of the Court properly issued a certificate of default as to this Defendant on June 20, 2023 (ECF No. 25). See Fed. R. Civ. P. 55(a).

---

1  NY Limited Liability Law § 303(a) provides that LLCs authorized to conduct business in New York State, like Defendant, consent to service of process on their behalf by service upon the Office of the Secretary of the State of the New York.

Inasmuch as the entry of default was appropriate and required, the inquiry properly turns to the issues of liability and damages which must be established prior to entry of default judgment. *See* Fed. R. Civ. P. 55(b)(2).

## POINT TWO

### PLAINTIFF HAS ESTABLISHED ENTITLEMENT TO DEFAULT JUDGMENT AGAINST DEFENDANT 2390 CRESTON REALTY LLC ON HIS FLSA AND NYLL CLAIMS

Plaintiff asserts causes of action under the FLSA and the NYLL seeking damages for unpaid minimum, overtime, and damages owed from wage notice violations. Each well-pleaded violation will be discussed below.

I. **Liability**

    A. **Liability Under the FLSA**

"The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours[.]" *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 402 (2d Cir. 2019). As such, under the FLSA (and NYLL) covered employees are required to be paid certain minimum wage rates and to be compensated at an overtime rate of one-and-one-half times their regular hourly pay for time worked in excess of 40 hours in a week. *See*, 29 U.S.C. §207(a)(1); NYLL § 663(3); 12 NYCRR § 146-1.4.

To qualify for coverage and establish a claim under the FLSA, a plaintiff must prove that (1) the defendant is an employer subject to the FLSA; (2) the plaintiff is a covered employee within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA. *Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 295 (1985).

    1) **Defendant 2390 CRESTON REALTY is an Employer Subject to the FLSA**

An employer is subject to both the minimum wage and overtime provisions of the FLSA if either (1) its employees are "engaged in commerce" or (2) the employer is an "enterprise engaged in commerce." 29 U.S.C. §§ 206, 207; *see also Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 299 (E.D.N.Y. 2009). The statute defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). These two methods of establishing FLSA coverage are known as "individual coverage" and "enterprise coverage," respectively. *Gordon v. Gen. Prop. Mgmt. Assocs., Inc.*, 496 F. Supp. 3d 830, 837 (S.D.N.Y. 2020).

Individual coverage is established where the employees themselves are "engaged in commerce." In determining whether this is the case, courts examine the employment actions of each employee asserting a claim. *Padilla v. Manlapaz*, 643 F. Supp. 2d at 300. Enterprise coverage, on the other hand, exists where an employer: (1) has employees engaged in commerce or in the production of goods for commerce; and (2) has an annual gross volume of sales greater than $500,000.00. 29 U.S.C. § 203(s)(1)(A).

Once a plaintiff establishes either individual or enterprise coverage, "liability under the FLSA extends to any 'employer.'" *Gordon v. Gen. Prop. Mgmt. Assocs., Inc.*, 496 F. Supp. 3d 830, 836 (S.D.N.Y. 2020), quoting 29 U.S.C. § 216(b), defined "as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

Here, the Amended Complaint asserts that Defendant 2390 CRESTON REALTY in owning and operating the Building was engaged in interstate commerce at all relevant times to Plaintiff's claims in this litigation, purchasing and utilizing goods, materials and

equipment produced and/or manufactured outside of New York State and transported in

a stream of commerce into New York state. (ECF No. 15 at ¶¶23 and 52. Further,

Plaintiff specifically alleges that Defendant 2390 CRESTON REALTYs had annual gross

revenues of not less than $500,000.00, exclusive of separate retail excise taxes *Id*.

In the context of a default under the FLSA, courts do not require any additional

factual allegations to establish enterprise coverage. *See*, *e.g.*, *Fermin v. Las Delicias

Peruanas Rest. Inc.*, 93 F. Supp. 3D 19 at 33 (finding a complaint which simply restated

the statutory definition to be sufficient because it was "reasonable to infer that the

myriad goods necessary to operate a . . . restaurant with an eat-in dining area and over

$500,000.00 in annual sales do not exclusively come from New York State"); *Gao v.

Jian Song Shi*, 2021 WL 1949275, at *19 (E.D.N.Y. 2021).

Accepting these allegations as true, as the Court must in the context of a default,

it is respectfully submitted that Plaintiffs have alleged sufficient facts to establish that

Defendants qualify as Plaintiffs' respective "employer' under the FLSA.

## 2) **Plaintiff is a Covered Employee Within the Meaning of FLSA**

The FLSA covers both "employees who in any workweek [are] engaged in

commerce or in the production of goods for commerce" and those persons who are

"employed in an enterprise engaged in commerce or in the production of goods for

commerce[.]" 29 U.S.C. § 206(a). In determining whether a plaintiff is an "employee,"

the "ultimate question is . . . 'whether, as a matter of economic reality, the worker[]

depend[s] upon someone else's business for the opportunity to render service or [is] in

business for [himself].'" *Godoy v. Restaurant Opportunity Ctr. of New York, Inc.*, 615 F.

Supp. 2d 186, 192 (S.D.N.Y. 2009); *Irizarry v. Catsimatidis,* 722 F.3d 99, 103 (2d Cir.

2013).

Although residential janitors are exempt from minimum hourly wages and overtime compensation while performing traditional janitorial duties, 12 NYCRR §§ 141-1.3 and 141-1.4, *Almanzar v Townhouse Mgt. Co., Inc.*, 2015 NY Slip Op 32401(U) (Sup Ct. NY Cnty 2015, *Koljenovic v. Marx,* 999 F. Supp. 2d 396 (EDNY 2014); and are instead subject to a rate of payment per number of apartments in the building per week, 12 NYCRR §§ 141-1.3, nevertheless, such exemption does not apply to work performed which lay outside the scope of traditional janitorial duties – such as painting and plastering apartments, replacing/installing plumbing, fixtures and cabinetry, and mold removal. *See* New York City Administrative Code § 27-2052; 12 NYCRR § 141-2.5(b); *Almanzar*, 2015 NY Slip Op 32401(U). For such "major repairs" – *i.e.*,  –  Plaintiff is entitled to recover hourly and overtime wages. *Id.*; 12 NYCRR § 141-2.5(b).

Plaintiff alleges that that throughout the term of his employment with Defendant 2390 CRESTON REALTY, in addition to his regular janitorial duties, he was compelled to work 40 hours per week, Monday through Friday 5pm through 1am, performing non-traditional janitorial work or repairs. New York City Administrative Code § 27-2052; 12 NYCRR § 141-2.5(b). For these substantial hours of traditional and non-exempt work, Defendant 2390 CRESTON REALTY was required to compensate Plaintiff at the applicable $15.00 minimum rate and statutory overtime wage rate of $22.50 as provided for in the FLSA and NYLL, in addition to his regular janitorial wages. *Almanzar*, 2015 NY Slip Op 32401(U); 12 NYCRR § 141-2.5(b). Instead, Plaintiff was only paid a flat rate of $270 per week and further received from Defendant a rent free a basement apartment at the Property. Id. ¶¶47 through 5373. Garcia Decl. at ¶¶8-11.

Such factually rich allegations establish, for the purposes of a default judgment that with respect to his non-janitorial duties, Plaintiff is a covered employee subject to

the FLSA's minimum wage and overtime requirements. *Arellano,* 2015 NY Slip Op

32401(U); 29 U.S.C. § 213(a) (setting forth the exemptions).[2]

On the foregoing uncontroverted allegations, which as Defendant 2390

CRESTON REALTY is in default, the Court must accept as true, Plaintiff has sufficiently

asserted each of the elements necessary to establish liability for FLSA overtime

compensation violations against Defendant 2390 CRESTON REALTY. *Greyhound*

*Exhibition Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992).

Accordingly, Plaintiff has sufficiently established that Defendant 2390 CRESTON

REALTY is liable under the FLSA for the claims asserted in the Complaint. *Gao v. Jian*

*Song Shi*, 2021 WL 1949275, at *19..

## B. <u>Liability Under the NYLL</u>

Plaintiff further seeks entry of Default Judgment against Defendant 2390

CRESTON REALTY on his NY state claims arising under the NYLL for unpaid overtime

violations (NYLL § 663(3); 12 NYCRR § 146-1.4.) and for wage notice violations (NYLL

§ 195(1).

The NYLL and the FLSA are nearly identical in analyzing minimum wage rate

violations. *D'Arpa v. Runway Towing Corp.*, 2013 WL 3010810, at *18 (E.D.N.Y. June

18, 2013), Both establish certain minimum wage rates and requires that employees be

compensated at an overtime rate of one-and-one-half times their regular hourly pay for

time worked in excess of 40 hours in a week. *See* NYLL §§ 655-56, 160; 12 NYCRR  §

---

2  The burden of demonstrating that an employee falls within one of these exempted
categories rests squarely with the employer, *Chen v. Major League Baseball*, 6 F. Supp.
3d 449, 454 (S.D.N.Y. 2014) (noting that the exemptions are affirmative defenses
which an employer must prove). Since Defendants have defaulted, they have not
availed themselves of any of the affirmative defenses provided by statute.

142-2.2; *see also Noble v. 93 Univ. Place Corp.*, 303 F. Supp. 2d 365, 376 (S.D.N.Y. 2003).

"The same elements are required to prove plaintiff's claim under [the] New York [L]abor [L]aw as under federal law." *Padilla v. Sheldon Rabin, M.D., P.C.*, 176 F. Supp. 3d at 300; *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp.3d 4, 13 (S.D.N.Y. 2015).

Accordingly, to recover for NYLL claims, Plaintiff must prove that he was an "employee" and that the defaulting Defendant was his "employers" as defined by the statute. *Ortega v. JR Primos 2 Restaurant Corp.*, 2017 WL 2634172, at *3 (S.D.N.Y. June 16, 2017).

Here, Plaintiff's well-pleaded allegations, establishing liability under FLSA, are amply sufficient to assert his NYLL state wage and Notices claims against Defendant 2390 CRESTON REALTY. *Id*. at *3. Accordingly, Plaintiff has established Defendant 2390 CRESTON REALTY's liability for unpaid minimum/overtime pay and other claims under both the FLSA and the NYLL.

## II. **Statutes of Limitations**

The statute of limitations for claims under the NYLL is six years and three years for claims under the FLSA, where a defendant's acts are willful. 29 U.S.C. § 255(a); NYLL §§ 198(3), 663(3); *Parada v. Banco Indus. de Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir. 2014).

Plaintiff's state claims under NYLL are timely as this action was commenced with the relevant six year statute of limitations NYLL §§ 198(3), 663(3).

## POINT THREE

**PLAINTIFF IS ENTITLED TO MONETARY DAMAGES AGAINST DEFENDANT 2390 CRESTON REALTY LLC ON HIS NYLL CLAIMS**

Once the Defendant's liability for the asserted FLSA and NYLL claims has been established, and the damages flowing therefrom, Plaintiff must provide evidence establishing the amount of damages with reasonable certainty. *Transatlantic Marine Claims Agency v. Ace Shipping*, 109 F. 3d 105, 108 (2d Cir. 1997). Despite establishing Defendant 2390 CRESTON REALTY's  liability for unpaid overtime wages under both the FLSA and the NYLL, Plaintiff may only recover damages under one statute, *Gonzales v. Gan Israel Pre-Sch.*, 2014 WL 1011070, at *11 (E.D.N.Y. Mar. 14, 2014), and Courts will only award damages under whichever " statute provides the highest measure of damages." *Wicaksono v. XYZ 48 Corp.*, 2011 WL 2022644, at 3* (S.D.N.Y. 2011).

For the reasons demonstrated below, Plaintiff elects recovery of damages under the NYLL as it provides greater recovery than claims brought under the FLSA. *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).

Fed. R. Civ. P. 55(b) provides that "[t]he Court may conduct hearings or make referrals  . . .  when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(b). However, despite such discretion, '[t]he Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment." *United States v. Myers*, 236 F. Supp. 3d 702, 709 (E.D.N.Y. 2017).

As Defendants are in default and have failed to make any submissions, Plaintiff's evidence on damages is undisputed, and his declarations and submissions as to the hours worked, rate of pay received, and other damages are sufficient bases upon which to calculate and recommend an award of damages without need of an inquest hearing. *Arellano v. Green Apple 37 Inc.*, 20-cv-5293 (LJL) (S.D.N.Y. Sep. 23, 2021). When a defendant defaults, "plaintiff's 'recollection and estimates of hours worked are presumed to be correct.'" *Jiaren Wei v. Lingtou Zhengs Corp.*, 2014 U.S. Dist. LEXIS 182325, *21(E.D.N.Y. Dec. 3, 2014).

## I. <u>Unpaid Overtime Wages</u>

An employer who fails to meet their wage obligations under the FLSA and the NYLL "shall be liable to the employee or employees affected in the amount of their unpaid [] wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see,* 12 NYCRR § 143-1.3.

Under both the FLSA and NYLL, an employee is entitled to overtime pay, calculated at one and one-half times the employee's regular hourly rate, for hours worked in excess of 40 in one work week. *See* 29 U.S.C. § 207(a)(2)(C); NYLL § 663(3); 12 NYCRR § 146-1.4. The employee's "regular hourly rate" is calculated as being the applicable lawful minimum wage set in the FLSA, 29 CFR § 778.5 or the New York minimum wage rate *whichever is higher. Santana v. Latino Express Restaurants, Inc.*, 2016 WL 4059250, at *4 (S.D.N.Y. July 28, 2016).

Here, Plaintiff received no compensation for the 40 hours per week of regular work he performed in addition to his full-time janitorial work through the tenure of his employment with 2390 CRESTON REALTY from *January 2019* until *December 9, 2021*. Plaintiff was entitled to receive compensation for this work at the relevant overtime rate

of $22.50 per hour based on the prevailing New York City minimum wage of $15.00 per hour. NYLL § 652(1).

Using the time periods and rates of pay set forth in Plaintiff's Declaration, and as reflected in the spreadsheet attached to Ms. Stillman's Affidavit, Plaintiff is entitled to $_____ in unpaid overtime wages.

## III.  Liquidated Damages

As to liquidated damages, both the FLSA and the NYLL provide for payment of liquidated damages in addition to actual damages in the amount equal to the total unpaid compensation. 29 U.S.C. §216(b); NYLL § 663(1). Plaintiff invokes his statutory right to payment of liquidated damages in full in the amount of his unpaid compensation.

## IV.  Statutory Damages -Notification Requirements Under the NYLL

Plaintiff is entitled to a separate $5,000 in damages, $10,000 total, for Defendants' wage notice violations, NYLL § 195(1) and wage statement violations. NYLL § 198.

Plaintiff has requisite Article III standing to assert (and to recover under) these statutory claims as he asserted that he sustained an actual injury in fact stemming from Defendants' failure to provide the required statements, *Guthrie v. Rainbow Fencing Inc.,* 2023 WL 2206568 at *5,* (E.D.N.Y. Feb. 24, 2023) and *Neor v. Acacia Network, Inc.*, 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023), namely that Defendants did so in order "to hide Defendants' violations of the wage and hour laws and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws" *See* AC at ¶40(c); Garcia Decl. At ¶15.

## V.  Prejudgment Interest

Plaintiffs is further entitled to an award of prejudgment interest calculated at nine percent per year, on the actual damages awarded – excluding liquidated damages

under NYLL. *See* NYLL §§ 198(1-a); NY CPLR 5004;  *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, 2016 WL 4704917, at \*18 (S.D.N.Y. Sept. 8, 2016).

## VI.  Attorneys' Fees and Costs

Plaintiff is entitled to an award of reasonable attorneys' fees and costs under both the FLSA and NYLL 29 U.S.C. § 216(b); NYLL § 198. As clearly demonstrated in Lina Stillman, Esq.'s Affidavit and the table annexed thereto setting forth the hours expended, nature of work performed, and billable rate of pay, Plaintiff is entitled to an award of attorney fees and costs attributable to this Defendant alone in the amount of $5840.

## CONCLUSION

For the reasons set forth above, and in the accompanying declarations and exhibits, Plaintiff's motion for a default judgment should be granted, and Plaintiff HECTOR GARCIA should be awarded judgment against non-appearing defendants

|  |  |
|---|---|
| A. Unpaid Overtime Wages | $ 128,820.00 |
| B. Liquidated Damages | $ 128,820.00 |
| C. Wage Notice Violations | $   5,000.00 |
| D. Wage Statement Violations | $   5,000.00 |
| **Total** | **$267,640.00** |

with prejudgment interest in the amount of $1540.33for a total of $269,180.33 with____$5840____ in attorneys' fees.

Dated: July 10, 2023

Respectfully submitted,

_____
/s/ Stillman Legal PC, Lina Stillman
STILLMAN LEGAL,  P.C.
*Attorneys for Plaintiffs*
42 Broadway, 12th Floor

New York, New York 10004
www.FightForUrRights.com
212-203-2417