UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
ERNESTO GARCIA, on behalf of himself and all
others similarly situated,
                                  Plaintiff,
          v.                                              23 CV 1129 (NSR)
                                                          OPINION & ORDER
2390 CRESTON REALTY LLC, 2390 C LLC, and
DENALI MANAGEMENT INC.,

                                  Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/11/2024

NELSON S. ROMÁN, United States District Judge

In this putative collective and class action, Plaintiff Ernesto Garcia ("Plaintiff" or "Garcia"), a former resident janitor for a residential building, brings wage-and-hour and recordkeeping claims against his former employers Defendant 2390 C LLC and Denali Management Inc. (together, "Defendants").[1] ("AC," ECF No. 15.) Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL") §§ 190 *et seq.*, §§ 650 *et seq.*

Defendants have moved to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(6). (ECF No. 46.) For the following reasons, Defendants' motion is granted.

## BACKGROUND

The facts herein are drawn from the Amended Complaint ("AC") and taken as true for purposes of this motion.

### I. Factual Background

From January 2019 until September 26, 2022, Plaintiff worked as a resident janitor at 2390 Creston Avenue, Bronx, New York 10468 (the "Property"). (AC ¶ 43.) The Property is a five-story

---

[1] Plaintiff's Amended Complaint added 2390 Creston Realty LLC as a defendant. (ECF No. 15.) On June 20, 2023, the Clerk issued a Certificate of Default against 2390 Creston Realty LLC upon its failure to appear or respond to Plaintiff's Amended Complaint. (ECF No. 22.) On November 30, 2023, the Court entered default judgment against 2390 Creston Realty LLC. (ECF No. 61.)

residential building with 20 units. (*Id.* ¶ 32.) From at least January 2019 until December 9, 2021, Defendant 2390 Creston Realty LLC owned the Property.[2] (*Id.* ¶ 33.) Defendant 2390 C LLC then acquired the Property, and now Defendant Denali Management Inc. manages and maintains it. (*Id.* ¶ 33.) Plaintiff was employed by Defendants until he voluntarily terminated his position on September 26, 2022. (*Id.* ¶¶ 36, 46.)

Plaintiff worked at the Property Monday to Friday from 10 a.m. to 5 p.m. and half days on Saturdays, for a total of five and one-half days per week. (*Id.* ¶ 47.) Plaintiff typically worked 40 hours per week and was paid the appropriate rate for his janitorial services—a flat rate of $270 per week and a rent-free basement apartment. (*Id.* ¶¶ 44, 47-48.) That said, Plaintiff alleges he performed "traditionally non-janitorial services and duties" in excess of 23 hours per week for which he was not paid minimum or overtime wages. (*Id.*¶ 45.) Plaintiff characterizes the non-janitorial work as "menial physical labor." (*Id.* ¶ 51.) Plaintiff further alleges Defendants failed to comply with recordkeeping requirements and to provide him accurate wage statements in violation of the FLSA and the NYLL. (*Id.* ¶ 63.)

Plaintiff brings this action on behalf of all other and former employees of Defendants. (AC ¶ 24.) Plaintiff estimates a class size of 20 individuals. (*Id.* ¶ 26.) Plaintiff alleges Defendants engaged in a pattern or practice of violating the FLSA and NYLL by (1) failing to pay employees overtime for non-janitorial work performed in excess of 40 hours per week; (2) failing to keep accurate records of employees' hours worked; and (3) failing to provide employees wage and hour records or pay statements in order to hide their violations of the wage and hour laws and to take advantage of their employees, including Plaintiff. (*Id.* ¶ 40.)

---

[2] As previously noted, the Court entered default judgment in favor of Plaintiff against Defendant 2390 Creston Realty LLC on November 30, 2023. (ECF No. 61.)

## II.     Procedural Background

Plaintiff commenced the action on February 9, 2023. (ECF No. 1.) On March 10, 2023, Defendants sought leave to file a motion to dismiss or, in the alternative, for a more definite statement. (ECF No. 11.) In response, Plaintiff requested leave to amend his Complaint. (ECF No. 12.) The Court granted Plaintiff leave to amend. (ECF No. 13.) On April 12, 2023, Plaintiff filed an Amended Complaint asserting three causes of action: (1) violations of the FLSA minimum overtime wage/recordkeeping provisions; (2) unpaid minimum and overtime wages under the NYLL; and (3) failure to provide accurate wage statements under the NYLL. (ECF No. 15.) Defendants again sought leave to file a motion to dismiss Plaintiff's Amended Complaint, which the Court granted. (ECF Nos. 16-18.) The parties completed briefing on Defendants' motion to dismiss on September 13, 2023.[3] (ECF No. 47.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

---

[3] On September 12, 2023, Defendants filed their Memorandum of Law in Support of their Motion to Dismiss ("Def. Mem.," ECF No. 47); their Reply Memorandum of Law in Support ("Def. Reply," ECF No. 48), and the Declaration of Joshua A. Druck in Support (ECF No. 49). On September 13, 2023, Plaintiff filed his Reply Memorandum of Law in Opposition ("Pl. Opp.," ECF No. 50).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiff alleges Defendants violated the FLSA and NYLL by (1) failing to pay employees the applicable overtime rate for non-janitorial work performed in excess of 40 hours per week; (2) failing to keep accurate records of the hours worked by employees; and (3) failing to provide wage and hour records or statements of pay received. (AC ¶ 40.) Defendants seek to dismiss Plaintiff's AC in its entirety or—if the Court declines to dismiss Plaintiff's FLSA and NYLL claims—a dismissal of Plaintiff's causes of action on behalf of a class and collective.

Defendants argue Plaintiff fails to sufficiently plead a claim under the FLSA and NYLL because (1) Plaintiff fails to plausibly allege an overtime claim or an employment relationship sufficient to state a claim under the FLSA and (2) Plaintiff's claims fall under the janitorial exception of the NYLL. (Def. Mem. at 10.)

### I.   FLSA Claims

#### A.   <u>Minimum and Overtime Wage-and-Hour Claims</u>

The FLSA and the NYLL both "guarantee[ ] compensation for all work . . . engaged in by [covered] employees." *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 359 (2d Cir.2011) (internal quotation marks, citation, and brackets omitted). In particular, an employee must be paid at least minimum wage. 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1). "[F]or any hours worked in excess of forty per week," the employee must "be compensated at a rate of no less than one and one-half

4

times the regular rate of pay." *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 200 (2d Cir. 2013); *see* 29 U.S.C. § 207(a)(1); N.Y.C.C.R.R. tit. 12, § 146-1.4. To recover unpaid overtime, a plaintiff must establish that: "(1) he was an employee who was eligible for overtime . . . and (2) that he actually worked overtime hours for which he was not compensated." *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 507 (E.D.N.Y. 2011) (citing *Hosking v. New World Mortg., Inc.,* 602 F.Supp.2d 441, 447 (E.D.N.Y.2009)).

The Court first addresses whether Plaintiff sufficiently alleges an employer-employee relationship before turning to whether he sufficiently alleges he worked overtime.

### a. Whether Plaintiff Alleges He is an Employee

Defendants argue Plaintiff fails to allege an employment relationship. (Def. Mem. at 8.) According to Defendants, "pleading 'employment' requires providing a description of the work that forms the basis of the alleged FLSA violation," and Plaintiff's pleading of "menial physical work" is insufficient. (*Id.* at 9-10.) The Court, however, disagrees.

Under the FLSA, an "employee" is "any individual employed by an employer," and an "employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §§ 203(d), 203(e)(1). To "employ" means "to suffer or permit to work." *Id.* §§ 203(g). The Second Circuit has adopted a broad interpretation of "employee" under the statute, and thus "have treated employment for FLSA purposes as a flexible concept." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 (2d Cir. 2013). Accordingly, Second Circuit courts have "found complaints sufficiently allege employment when they state where the plaintiffs worked, outline their positions, and provide their dates of employment." *Id.*

At the pleading stage, a plaintiff need only plead sufficient facts to establish an employer-employee relationship. *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007)

(finding pleading sufficient where the defendant could conclude the plaintiff was asserting an employee-employer relationship existed). Plaintiff has done so here by detailing where he worked (the Property), his position (a resident janitor), and his period of employment with Defendants (January 2019 until September 2022). Plaintiff not only alleges he was "a covered employee within the meaning of the FLSA" but also that he performed "menial physical labor" for Defendants. (AC ¶¶ 45, 51.) Drawing all reasonable inferences in Plaintiff's favor, these factual allegations are sufficient to put Defendants on notice of an employer-employee relationship between themselves and Plaintiff. *See DeSilva*, 770 F. Supp. 2d at 508 (finding allegations regarding the positions the named plaintiffs held, the hospitals where they worked, and the time period they were employed sufficient). Finally, Defendants argue that "side work" completed outside the scope of employment cannot form the basis of a FLSA claim. (Def. Mem. at 10.) They fail, however, to cite any cases in support of this position.

The cases cited by Defendants also fail to lend support to their argument that Plaintiff needs to plead additional details about the nature of his work. The Second Circuit in *Dejesus* did not "require" the plaintiff to "provide a description of the work that forms the basis of the alleged FLSA violation." (Def. Mem. at 8.) Granted, the Second Circuit did consider plaintiff's description of her responsibilities as a promotor in finding her pleadings sufficient. *See Dejesus*, 726 F.3d at 91. That said, the Circuit Court did not go so far as to require it. *See id.* The other Second Circuit cases Defendants cite are also distinguishable. *See Torres Ibarra v. W&L Grp. Constr. Inc.*, No. 119CV01582AMDSMG, 2019 WL 5863951, at *2 (E.D.N.Y. Nov. 8, 2019) (plaintiff failed to allege any factual allegations beyond a legal conclusion); *DeSilva*, 770 F. Supp. 2d at 580

6

(plaintiffs' factual allegations sufficient without them describing the work performed).[4] While the Court agrees that Plaintiff's description of "menial physical work" is vague, the Court cannot conclude that Plaintiff fails to plead he was "employed" under the statute. Thus, "in light of the expansive scope of the definition employed in the statute," Plaintiff has plausibly alleged an employment relationship under the FLSA. *Dejesus*, 726 F.3d at 91. The Court now considers whether Plaintiff plausibly alleges he worked overtime under the statute.

      b. *Whether Plaintiff Alleges Overtime*

To plausibly state a FLSA overtime claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). However, a plaintiff must plead more than the conclusory allegation that he worked more than 40 hours "in some or all weeks." *Dejesus*, 726 F.3d at 90; *see also Bustillos v. Acad. Bus, LLC*, No. 13 CIV. 565 AJN, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014) (finding the conclusory assertion, without any factual context, that "plaintiff worked some number of excess hours in some unidentified week" insufficient to state a FLSA overtime claim). Rather, "a plaintiff must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

Here, the factual allegations in Plaintiff's claim are akin to the "threadbare [and] speculative" pleadings rejected by the Second Circuit. Plaintiff alleges he performed "typically 40 hours per week in janitorial services and duties" for which he was properly compensated. (AC ¶

---

[4] Defendants also assert that the Second Circuit in *DeJesus* cited with approval the First Circuit's decision in *Pruell*. (Def. Mem. at 8-9.) While that is true, the Second Circuit cited *Pruell* in their analysis of whether plaintiff sufficiently alleged an overtime claim, not with regards to whether plaintiff sufficiently alleged an employer-employee relationship. *DeJesus*, 726 F.3d at 89 (citing *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012)).

47.) Plaintiff further claims he performed "23 or more hours per week" of traditional non-janitorial services—which he characterizes as "menial physical labor"—but did not receive proper compensation. (*Id.*¶ 48.) The AC is devoid of any additional details. Plaintiff's sparse allegations fail to offer any factual context for Plaintiff's claim and therefore render his pleadings deficient.

While Plaintiff specifies the number of excess hours worked each week, his pleadings do not plausibly demonstrate he worked overtime in a *given* week. *See Bustillos*, 2014 WL 116012, at *3 (plaintiff's assertion that he "would regularly work from 60 to 90 hours per week" insufficient to plausibly state a FLSA overtime claim). Plaintiff alleges he *typically* worked 40 hours per week without explicitly stating he was *scheduled for* or even *actually worked* 40 hours per week. Plaintiff also fails to state when or with what frequency he worked excess hours. Finally, the AC lacks any factual context as to why or how he worked unpaid overtime—the Court may only speculate that Plaintiff worked outside of his typical hours and Plaintiff only implies that he worked these excess hours to complete work assignments given to him by Defendants' agents. (*See* AC ¶¶ 35, 37, 47-48.)

The cases cited by Plaintiff are distinguishable as the plaintiffs in those cases provide more specificity than the minimal detail Plaintiff provides here. (*See* Pl. Opp. at 15.) In *Heras*, the plaintiff alleged that her work hours were from 9 a.m. to 6 p.m., without a meal break, from August 2018 to mid-April 2019. *Heras v. Metro. Learning Inst., Inc.*, No. 19CV2694DLIRLM, 2021 WL 66288, at *1 (E.D.N.Y. Jan. 7, 2021). She further alleged she worked one day per week, or four time per month, until approximately 8 p.m. *Id.* In *Campbell*, each plaintiff alleged he was scheduled to work exactly 42.5 hours per week, with a deduction for a meal period, and had to work before his shift, after his shift, and during his meal period and then identified the reasons why. *Campbell v. City of New York*, No. 16-CV-08719 (AJN), 2017 WL 3206332, at *3 (S.D.N.Y.

July 25, 2017). Finally, in *Leon*, the plaintiff alleged that she worked approximately 15 minutes to 30 minutes prior to the start of her scheduled shift, for a total of 1.5 hours to 2 hours of unpaid work per week. *Leon v. Port Washington Union Free Sch. Dist.*, 49 F. Supp. 3d 353, 354 (E.D.N.Y. 2014). Plaintiff's vague allegations of an excess 23 hours per week beyond his *typical* 40 hours per week lack the specificity of the pleadings in *Heras*, *Campbell*, and *Leon.*

Rather than "a general and conclusory allegation as to the number of hours 'routinely' worked," FLSA claims require sufficient factual allegations for the Court to "reasonably infer that there was an indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation." *Bustillos*, 2014 WL 11601, at *4. Plaintiff's barebones allegations are little more than an assertion that he worked "more than 40 hours per week during some or all weeks"—which courts in the Second Circuit have repeatedly rejected as insufficient. *See DeJesus*, 726 F.3d at 89; *Boutros v. JTC Painting & Decorating Corp.*, No. 12 CIV. 7576 PAE, 2013 WL 3110943, at *3 (S.D.N.Y. June 19, 2013) (finding plaintiffs failed to plausibly state a FLSA claim because they did not reference any particular week in which either plaintiff worked more than 40 hours); *Cromwell v. New York City Health & Hosps. Corp.*, No. 12 CIV. 4251 PAE, 2013 WL 2099252, at *4 (S.D.N.Y. May 15, 2013) (dismissing plaintiff's FLSA claim for failing to plead "any *particular* workweek" during which the plaintiff worked in excess of 40 hours) (emphasis in original). Although Plaintiff is correct that he need not "specify *all* weeks and hours in which the purported FLSA violations occurred," *Campbell*, 2017 WL 3206322 at *3, he must still "draw on [his] memory and experience" to put forth a complaint "with sufficiently developed factual allegations." *Dejesus*, 726 F.3d at 90. While Plaintiff's claim of unpaid overtime is certainly *possible*, Plaintiff fails to provide factual context to make his claim *plausible*. Accordingly, Plaintiff fails to plead an FLSA overtime claim.

B.  Violation of the FLSA's Recordkeeping Requirements

Plaintiff also purportedly asserts a FLSA recordkeeping claim in his first cause of action. Plaintiff alleges "Defendants failed to satisfy the FLSA's recordkeeping requirements." (AC ¶ 69.) The FLSA does not provide a private right of action to enforce its recordkeeping provisions. *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 460 n. 11 (S.D.N.Y. 2014), *aff'd sub nom. Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015); *Cunningham v. Elec. Data Sys. Corp.*, 579 F. Supp. 2d 538, 542-543 (S.D.N.Y. 2008). An employee thus may not sue its employer for failure to comply with recordkeeping requirements. Moreover, the Court notes that Plaintiff again sets forth threadbare pleadings with no factual allegations to support his claim. As with his FLSA minimum and overtime wage claims, Plaintiff's FLSA recordkeeping claim is insufficient. *See Jimenez v. W&M Servs. Inc.*, No. 22CV5061DLIJRC, 2024 WL 1259359, at *4 (E.D.N.Y. Mar. 25, 2024) (finding plaintiff failed to state a claim for violations of the FLSA's recordkeeping requirements). Therefore, to the extent Plaintiff asserts a claim pursuant to the FLSA's recordkeeping provisions, Plaintiff's claim is dismissed.

**II.  NYLL Claims**

A.  NYLL Janitorial Exemption

Defendants seek to dismiss Plaintiff's unpaid wages claim under the NYLL on the grounds that Plaintiff is subject to the janitorial exemption. The NYLL exempts "a janitor in a residential building" from the minimum wage and overtime requirements.  12 N.Y.C.C.R. § 141-1.3, 141.1.4. Janitors are instead paid based on the number of units in the building in which they work. *Id.* "Janitor" is defined under the statute as "a person employed to render any physical service in connection with the maintenance, care, or operation of the residential building." 12 N.Y.C.C.R. § 141-3.4. According to Defendants, because Plaintiff describes his allegedly unpaid non-janitorial

work as "menial physical labor" (AC ¶ 51), he fails to establish that his allegedly unpaid work is not subject to the NYLL's janitorial exemption. (Def. Mem. at 10-12.)

The janitorial exemption is an affirmative defense, therefore "[defendants] bear the burden of establishing that the janitorial exemption" applies. *Contrera v. Langer*, 290 F. Supp. 3d 269, 275 (S.D.N.Y. 2018), *report and recommendation adopted*, No. 16 CV 3851-LTS-GWG, 2018 WL 3918179 (S.D.N.Y. Aug. 16, 2018) (citing *Koljenovic v. Marx*, 999 F. Supp. 2d 396, 399 (E.D.N.Y. 2014)). Despite carrying the burden, Defendants ask the Court to dismiss Plaintiff's NYLL claim because it is clear from the AC that the allegedly unpaid work falls within the janitorial exemption. A defendant may raise an affirmative defense "by a pre-answer motion to dismiss under Rule 12(b)(6) without resort to summary judgment procedure, if the defense appears on the fact of the complaint." *McCoy v. Goord*, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003) (citing *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74–75 (2d Cir. 1998)); *see also Gjoni v. Orsid Realty Corp.*, No. 14 CIV. 8982 GBD, 2015 WL 4557037, at *7 (S.D.N.Y. July 22, 2015) (citations omitted).

Here, it is not clear from the face of the AC that the allegedly unpaid "traditionally non-janitorial" work Plaintiff performed falls under the janitorial exemption. Defendants might be correct that any physical labor performed by Plaintiff in the maintenance and care of the Property would fall under the janitorial exemption. However, it is not clear that this is the type of work Plaintiff pleads in his AC. Plaintiff vaguely alleges that he did "menial physical labor." (AC ¶ 51.) The AC does not make clear whether this labor was performed in relation to the Property itself. Therefore, construing all reasonable inferences in light most favorable to Plaintiff, dismissal of Plaintiff's NYLL claim on this ground would be inappropriate. *See Dejesus*, 726 F.3d at 91n.7 (observing that plaintiff did not need to plead facts at the motion to dismiss stage to support her

11

position that she was a non-exempt employee); *Gjoni*, 2015 WL 4557037, at *7 (declining to dismiss plaintiff's complaint because the defendant failed to show particularized facts that plaintiff's job fell within the janitorial exemption).

### B. Sufficiency of Plaintiff's NYLL Claims and the Court's Exercise of Supplemental Jurisdiction

That said, Plaintiff pleads his NYLL unpaid wages claim based on the same facts underlying his FLSA claim. Because the Court dismisses Plaintiff's FLSA overtime claim, Plaintiff's NYLL unpaid wages claim is also dismissed. *Dejesus*, 726 F.3d at 89 n.5 (dismissing plaintiff's FSLA and NYLL overtime claims because "the relevant portions of the [NYLL] do not diverge from the requirements of the FLSA") (citing *Whalen v. J.P. Morgan Chase & Co.*, 569 F.Supp.2d 327, 329 n. 2 (W.D.N.Y.2008), *rev'd on other grounds sub nom.*, *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529 (2d Cir.2009)). Because the Court dismisses Plaintiff's FLSA claims, the Court further declines to exercise supplemental jurisdiction over Plaintiff's NYLL claim for failure to provide accurate wage statements. *Torres v. City of New York through New York City Dep't*, 590 F. Supp. 3d 610, 629 (S.D.N.Y. 2022) (citing *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006)) ("A district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage."); *see also Cangelosi v. Gabriel Bros.*, No. 15-CV-3736 JMF, 2015 WL 6107730, at *3 (S.D.N.Y. Oct. 15, 2015) (declining to exercise supplemental jurisdiction over plaintiff's NYLL claims upon dismissal of her FSLA claims). Accordingly, the Court dismisses Plaintiff's NYLL claims.[5]

---

[5] Because the Court dismisses Plaintiff's Amended Complaint in its entirety, the Court need not address Defendants' arguments regarding Plaintiff's class and collective action claims. (*See* Def. Mem. at 13-17.) That said, the Court notes that, generally, whether a plaintiff has plead sufficient facts for a class or collective action is more appropriate to resolve at the conditional class certification stage. *Barrett v. Forest Lab'ys, Inc.*, 39 F. Supp. 3d 407, 435 (S.D.N.Y. 2014) (denying defendants' motion to dismiss as premature because plaintiffs had yet to move for conditional collective certification); *see also Peck v. Hillside Children's Ctr.*, 915 F. Supp. 2d 435, 439 (W.D.N.Y.

### III. Leave to Amend

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation marks omitted). "Leave to amend, though liberally granted, may properly be denied" for "'repeated failure to cure deficiencies by amendments previously allowed'" or "'futility of amendment,'" among other reasons. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Given that this is the first pleading for which motion practice occurred, the Court grants Plaintiff leave to file a Second Amended Complaint.

### IV. Transfer to Manhattan

Defendants request that the Court transfer the action from White Plains to Manhattan because Plaintiff's claims arose in the Bronx, where the Property is located. (Def. Mem. at 17-18.) Plaintiff does not object to reassignment. (Pl. Opp. at 9.) Pursuant to Rule 18 of the Rules for the Division of Business Among District Judges for the Southern District of New York, a civil case must be assigned to White Plains if: "(i) the claim arose in whole or in major part in the Northern Counties and at least one of the parties resides in the Northern Counties; or (ii) the claim arose in whole or in major part in the Northern Counties and none of the parties resides in this district." A civil case may be assigned to White Plains if "(i) the claim arose outside this district and at least some of the parties reside in the Northern Counties; or (ii) at least half of the parties reside in the Northern Counties."

---

2013) (defendants' arguments as to whether the class or collective action should be certified are more appropriate to resolve on a motion for conditional certification of a class) (collecting cases); *Timberg v. Toombs*, No. 20-CV-6060 (MKB), 2022 WL 954739, at *6 (E.D.N.Y. Mar. 30, 2022) ([U]ntil a motion for class certification is made, attacks on the sufficiency of plaintiff's class allegations are premature.") (citations and internal quotation marks omitted).

Two of the three remaining parties reside in the Northern Counties. Although Plaintiff resides in the Bronx, both Denali Management Inc. and 2390 C LLC reside in Yonkers. Yonkers is located in the County of Westchester—a Northern County. In light of the posture of the case and at least half of the parties residing in the Northern Counties, the Court declines to request reassignment of the case to Manhattan.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Amended Complaint is GRANTED. The Court dismisses Plaintiff's claims in their entirety without prejudice.

Plaintiff is granted leave to file a Second Amended Complaint by July 11, 2024. Plaintiff is advised that the Second Amended Complaint will replace, not supplement, the Amended Complaint, and so any claims that they wish to pursue must be included in, or attached to, the Second Amended Complaint. Should Plaintiff file a Second Amended Complaint, Defendants are directed to answer or otherwise respond by July 25, 2024. If Plaintiff fails to file an Amended Complaint within the time allowed, those claims that were dismissed without prejudice will be deemed dismissed with prejudice.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 46.

Dated:   June 11, 2024                                                   SO ORDERED:
         White Plains, New York

                                                                         _____
                                                                              NELSON S. ROMÁN
                                                                           United States District Judge