USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNESTO GARCIA, *on behalf of himself and all others similarly situated*,
                            Plaintiff,
              v.

2390 CRESTON REALTY LLC, 2390 C LLC, and DENALI MANAGEMENT INC.,

                            Defendants.

23-cv-1129 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    In this putative collective and class action, Plaintiff Ernesto Garcia (the "Plaintiff"), a former superintendent for a residential building, brings wage-and-hour and recordkeeping claims against his former employers Defendants 2390 C LLC and Denali Management Inc. (together, "Defendants").[1] ("SAC," ECF No. 63.) Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL") §§ 190 *et seq.*, §§ 650 *et seq.*

    Defendants have moved to dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 67.) For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

### I. Factual Background

    From February 2019 until September 26, 2022, Plaintiff worked as a superintendent at 2390 Creston Avenue, Bronx, New York 10468 (the "Property"). (SAC ¶ 20.) Plaintiff avers that at all relevant times Defendant 2390 C LLC and Defendant Denali Management Inc. possess or

---

[1] Plaintiff's Amended Complaint added 2390 Creston Realty LLC as a defendant. (ECF No. 15.) On June 20, 2023, the Clerk issued a Certificate of Default against 2390 Creston Realty LLC upon its failure to appear or respond to Plaintiff's Amended Complaint. (ECF No. 22.) On November 30, 2023, the Court entered default judgment against 2390 Creston Realty LLC. (ECF No. 61.)

possessed operational control over Plaintiff and similarly situated employees. (*Id.* ¶ 29.) Plaintiff alleges that he was responsible for both janitorial and non-janitorial tasks as part of his employment. (*Id.* ¶ 20.) For janitorial duties, Plaintiff was responsible for "taking out garbage, mopping, apartment repairs including ceilings, floors, and new cabinets, painting apartments, and changing locks." (*Id.*) For non-janitorial duties, Plaintiff was "heavily involved in nonjanitorial tasks which included managing tenant complaints, coordinating with vendors and contractors to maintain and improve the property conditions, and overall supervision of the property." (*Id.*)

Plaintiff worked at the Property either seven days a week from 8:00 a.m. to 7:00 p.m. with no days off, or six days a week from 8:00 a.m. to 7:00 p.m. with one designated day off, which he occasionally still worked.[2] (*Id.* ¶¶ 21, 46.) Plaintiff's schedule was set by supervisors who also work or worked for Defendants. (*Id.* ¶ 40.) Plaintiff identifies this supervisor in the SAC as "Cesar" whose last name appears to be unknown. (*Id.* ¶¶ 16, 31, 34.) But Plaintiff also identifies his supervisors as Martin Jacobs and Servando Mendez. (*Id.* ¶ 61.) Plaintiff also generally alleges that he worked 63 hours each week. (*Id.* ¶¶ 40, 46, 47). And yet also alleges that he "worked an average of 50 hours each week." (*Id.* ¶ 81.)

Plaintiff brings this action on behalf of all other and former employees of Defendants. (*Id.* ¶ 9.) Plaintiff alleges Defendants engaged in a pattern or practice of violating the FLSA and NYLL by (1) failing to pay employees minimum and overtime wage hours for hours worked in excess of 40 hours per week; (2) failing to keep records that satisfy statutory requirements; and (3) failing to provide employees wage statements and annual pay notices. (*Id.* ¶¶ 17, 56.)

---

[2] As discussed more fully *infra*, Plaintiff's SAC is riddled with errors and inconsistencies—this being only one of them.

## II.     Procedural Background

Plaintiff commenced the action on February 9, 2023. (ECF No. 1.) On March 10, 2023, Defendants sought leave to file a motion to dismiss or, in the alternative, for a more definite statement. (ECF No. 11.) In response, Plaintiff requested leave to amend his Complaint. (ECF No. 12.) The Court granted Plaintiff leave to amend. (ECF No. 13.) On April 12, 2023, Plaintiff filed an Amended Complaint (the "FAC"). (ECF No. 15.) On September 12, 2023, Defendants filed a motion to dismiss the FAC. (ECF No. 46.) On June 11, 2024, the Court granted Defendants' motion to dismiss. (ECF No. 62.) On July 11, 2024, Plaintiff filed the SAC. (ECF No. 63.) On October 16, 2024, Defendants filed their second motion to dismiss (the "Motion.") (ECF No. 67) along with a Memorandum of Law in Support ("MoL.") (ECF No. 68.) On the same day, Plaintiff filed their Memorandum of Law in Opposition (the "Opp.") (ECF No. 70.) Defendants then filed their Reply Memorandum of Law (the "Reply.") (ECF No. 69.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration

to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted).

## DISCUSSION

### I.  FLSA Claims

#### Overtime Claim

"Section 207(a)(1) of FLSA requires that, 'for a workweek longer than forty hours,' an employee who works 'in excess of' forty hours shall be compensated for that excess work 'at a rate not less than one and one-half times the regular rate at which he is employed.'" *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113–14 (2d Cir. 2013). To state a plausible FLSA overtime claim, a plaintiff must allege: (1) at least one workweek in which they worked in excess of 40 hours; (2) that they were not paid for those excess hours; and (3) provide sufficient factual content and context to their allegation that makes their claim plausible. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89–90 (2d Cir. 2013). "Determining whether a plausible claim has been pled is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Lundy*, 711 F.3d at 114 (internal quotation marks and citation omitted). The standard to meet is not one that requires mathematical precision, but a plaintiff must draw on their memory and experience to provide a complaint with "sufficiently developed factual allegations" that "nudge their claim from conceivable to plausible." *Dejesus*, 726 F.3d at 90 (internal quotation marks and citation omitted).

Here, Plaintiff has failed to plausibly plead a given week in which he worked in excess of 40 hours. In its prior opinion ("*Garcia I*"), the Court similarly dismissed Plaintiff's FAC for the

4

same failure. In the SAC, Plaintiff has added more factual context and specificity to his claims—*e.g.*, that his work schedule was 8:00 a.m. to 7:00 p.m., which was set by his supervisors who also worked for the Defendants, and the tasks that he was responsible for as part of his janitorial and non-janitorial duties. The fatal flaw for Plaintiff is that the SAC waffles on these factual details such that the Court cannot tell if there is a given week in which the Plaintiff actually worked in excess of 40 hours. For example, the SAC states that "Plaintiff Garcia *typically* worked around sixty-three (63) hours each week. Plaintiff Garcia's *usual* work schedule was from 8:00 AM until 7:00 PM, six (6) days per week." (SAC ¶ 46) (emphasis added). "*On average*, Plaintiff Garcia worked *approximately* 60 hours per week. (*Id*. ¶ 5) (emphasis added). "Plaintiff *regularly* work for Defendants in excess of 40 hours per week, without receiving appropriate minimum wage and overtime compensation for any of the hours that Plaintiff Garcia worked." (*Id*. ¶ 6) (emphasis added). "Plaintiff Garcia's work schedule was set by the Defendants, *often* exceeding 40 hours a week." (*Id*. ¶ 16) (emphasis added). The Second Circuit has held that language such as "regularly worked" is "such a formulation . . . [that is] so threadbare or speculative that it fail[s] to cross the line between the conclusory and factual" and is "little more than a paraphrase of the statute." *Dejesus*, 726 F.3d at 89 (internal quotation marks and citation omitted). Moreover, Plaintiff's couching his hours as a schedule offers no cover. Courts in this district have similarly found these pleadings to be deficient without more. *Mota v. Abalon Exterminating Co., Inc.*, No. 1:22-CV-7602 (MKV), 2023 WL 5211022, at *3 (S.D.N.Y. Aug. 14, 2023) (holding that plaintiff alleging that "[h]e typically started work at 8:00 A.M. and stopped work at 4:00 P.M., five days per week" was insufficient to state a claim). *But cf. Maldonado Juarez v. Butterfield Catering Inc.*, No. 20-CV-4537 (LJL), 2020 WL 6945944, at *2 (S.D.N.Y. Nov. 25, 2020) (holding that plaintiff's allegations that he worked from approximately

5

October 1, 2018 until or about December 15, 2019, Plaintiff Maldonado worked from approximately 4:00 a.m. until or about 2:00 p.m., Mondays through Fridays (typically 50 hours per week) and then "[f]or approximately one month in October 2019, Plaintiff Maldonado worked 7 days a week from approximately 4:00 a.m. until on or about 6:00 p.m. (typically 98 hours per week) was sufficient to state a plausible claim).

      The Court acknowledges that the pleading standard set in *Lundy* is not a magic word test and that "the mere mention of a 'typical' workweek schedule [does not] transform[] an otherwise valid pleading into an invalid one." *Pichardo v. Hoyt Transp. Corp.*, 2018 WL 2074160, at *5 (E.D.N.Y. Jan. 31, 2018). But Plaintiff provides little by way of factual detail to sufficiently develop his allegations, which are further hamstrung by the SAC's errors and inconsistencies. As mentioned *supra*, Plaintiff alleges that he worked 8:00 a.m. to 7:00 p.m. with no designated day off. (SAC ¶ 2.) This would amount to 77 hours per week. But Plaintiff also alleges that he worked from 8:00 a.m. to 7:00 p.m. with one designated day off, which he occasionally still worked. (*Id*. ¶ 46.) This would amount to 63 hours per week, which Plaintiff says was the average amount of hours he worked. (*Id*. ¶ 4.) But Plaintiff also alleges that he worked an average of 50 hours a week. (*Id*. ¶ 81.) Plaintiff attempts to clarify this position in his papers by saying that "the SAC clearly satisfies this heightened pleading standard … Plaintiff alleges that he was required to work 63 hours per week." (Opp. at 2.) The Court notes that any attempt to cure the inconsistencies contained in the SAC through the opposition brief is improper. "It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *In re Bystolic Antitr. Litig.*, 583 F. Supp. 3d 455, 489 (S.D.N.Y. 2022) (quoting *Cambridge Cap. LLC v. Ruby Has LLC*, 565 F. Supp. 3d 420, 453 n.11 (S.D.N.Y. 2021)). Further, the SAC can only be described as sloppy. Separate from the inconsistencies mentioned,

there are several drafting errors where relevant information is omitted. Consider, for instance, "Defendants' failure to pay Plaintiff ( ) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a)." (SAC ¶ 65.) The open parenthesis might have been intended to contain the amount of overtime compensation that Plaintiff was entitled to but did not receive, which would have bolstered Plaintiff's SAC. But the Court is only guessing because that information was omitted from the SAC. There is also one section of the SAC where an "[insert name here]" was mistakenly included. This part of the SAC reads "Defendants, specifically [Name of the person from 2390 C LLC and Denali Management], had the power to hire and fire Plaintiff, Ernesto Garcia, control his work schedule, give him daily orders, and discipline him when deemed necessary." (*Id*. ¶ 72.) These sorts of facts are important to Plaintiff's claims and for Defendants to know with some level of certainty so that they may prepare an Answer or other defense as this litigation proceeds. The Court can only hope to see more careful drafting in the future. Accordingly, because the Court, when drawing on its own judicial experience and common sense, is unable to determine that Plaintiff has worked in excess of 40 hours in a given week, the Court dismisses Plaintiff's claim for violations of the FLSA's overtime requirement without prejudice.

Recordkeeping Claim

Plaintiff again asserts a FLSA recordkeeping claim. (SAC ¶ 68.) As the Court mentioned in *Garcia I*, the FLSA does not provide a private right of action to enforce its recordkeeping provisions. *See Garcia v. 2390 Creston Realty LLC*, No. 23 CV 1129 (NSR), 2024 WL 2959254, at *5 (S.D.N.Y. June 11, 2024) (quoting *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 460 n. 11 (S.D.N.Y. 2014), *aff'd sub nom. Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015); *Cunningham v. Elec. Data Sys. Corp.*, 579 F. Supp. 2d 538, 542-543

(S.D.N.Y. 2008)). The Court will also note, as it did in *Garcia I*, that Plaintiff has only provided the Court with threadbare pleadings that lack any factual support for this claim. Accordingly, Plaintiff's claim for violations of FLSA's recordkeeping requirement is dismissed with prejudice.

## II.     NYLL Claims

Plaintiff also brings claims of failure to pay overtime, unpaid wages, recordkeeping violations, and failure to provide a wage statement under the NYLL. (SAC ¶¶ 71-85.) Defendants urge the Court to dismiss Plaintiff's NYLL claims, as they did in *Garcia I*, but under a different rationale. In *Garcia I*, Defendants urged the Court to dismiss Plaintiff's claims because Plaintiff was subject to the janitorial exemption under the NYLL. The NYLL exempts "a janitor in a residential building" from the minimum wage and overtime requirements. 12 N.Y.C.C.R. § 141-1.3, 141.1.4. But instead of rehashing that argument, the Defendants allege that Plaintiff has attempted to "draft around" the janitorial exemption because the SAC identifies the Plaintiff as a superintendent while the FAC identified him as the resident janitor. *Compare* FAC ¶ 1, *with* SAC ¶ 2. As a result, Plaintiff argues that the Court should not accept these facts as true. (MoL. at 14.) True, courts have occasionally disregarded facts alleged in an amended pleading when they blatantly contradicted an essential element in a prior pleading. *See Palm Beach Strategic Income, LP v. Salzman, No*. 10–CV–261, 2011 WL 1655575, at *6–7 (E.D.N.Y. May 2, 2011) *aff'd*, 457 F. App'x 40 (2d Cir. 2012). But such an action is a "harsh rule" that the Court declines to exercise at this time—particularly without any further facts that suggest this was intended to manipulate the pleadings. *See Di Simone v. CN Plumbing, Inc.*, No. 13-CV-5088, 2014 WL 1281728, at *3 (E.D.N.Y. Mar. 31, 2014) (noting that disregarding facts is a harsh rule and that courts can expect to see corrective amendments that may contain allegations at odds with prior pleadings). Accordingly, the Court will not disregard the facts as alleged in the SAC, but because Plaintiff has

failed to allege a FLSA claim, the Court will not exercise supplemental jurisdiction over the NYLL claims.

### III.     Leave to Amend

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation marks omitted). "Leave to amend, though liberally granted, may properly be denied" for "'repeated failure to cure deficiencies by amendments previously allowed'" or "'futility of amendment,'" among other reasons. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because the Court is not convinced that amendment will be futile, the Court will grant Plaintiff leave to file a Third Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Amended Complaint is GRANTED. Plaintiff's claims related to unpaid overtime wages under the FLSA are dismissed without prejudice. Plaintiff's claims related to recordkeeping violations under the FLSA are dismissed with prejudice. Plaintiff's claims under the NYLL are dismissed without prejudice.

Plaintiff is granted leave to file a Third Amended Complaint by July 17, 2025. Plaintiff is advised that the Third Amended Complaint will replace, not supplement, the Amended Complaint, and so any claims that they wish to pursue must be included in, or attached to, the Third Amended Complaint. Should Plaintiff file a Third Amended Complaint, Defendants are directed to answer or otherwise respond by July 31, 2025. If Plaintiff fails to file a Third Amended Complaint within the time allowed, those claims that were dismissed without prejudice will be deemed dismissed with prejudice.

      The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 67.

Dated: June 17, 2025                                                            SO ORDERED:
        White Plains, New York

                                                                            NELSON S. ROMÁN
                                                                United States District Judge