USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/27/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNESTO GARCIA, *individually and on behalf of others similarly situated*,

Plaintiff,

-against-

2390 C LLC and DENALI MANAGEMENT INC.,

Defendants.

---

23-cv-1129 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

In this putative collective and class action, Plaintiff Ernesto Garcia (the "Plaintiff"), a former superintendent for a residential building, brings wage-and-hour and recordkeeping claims against his former employers Defendants 2390 C LLC ("Creston") and Denali Management Inc. ("Denali") (together, "Defendants"). (ECF No. 75.) Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law ("NYLL") §§ 190 *et seq*., §§ 650 *et seq*.

Defendants have moved to dismiss the Third Amended Complaint ("TAC") under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 80.) For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

### I.    Factual Background

The following facts are derived from the TAC and assumed to be true for purposes of resolving the present motion.

From February 2019 until September 26, 2022, Plaintiff worked as a superintendent at 2390 Creston Avenue, Bronx, New York 10468 (the "Property"). (TAC ¶¶ 21-22.) Plaintiff avers that at

1

all relevant times, Defendants, through their agent (Plaintiff's supervisor) "Cesar", exercised control over the work schedules, tasks, and compensation of Plaintiff and similarly situated employees. (*Id.* ¶ 27.) Plaintiff alleges that he was responsible for both janitorial and non-janitorial tasks as part of his employment. (*Id.* ¶ 17.) For janitorial duties, Plaintiff was responsible for "taking out garbage, mopping, apartment repairs including ceilings, floors, and new cabinets, painting apartments, and changing locks." (*Id.*) For non-janitorial duties, Plaintiff was involved in "managing tenant complaints, coordinating with vendors and contractors to maintain and improve the property conditions, and overall supervision of the property." (*Id.*)

Plaintiff worked at the Property seven days a week from 8:00 a.m. until 7:00 p.m. either "with no dedicated day off" or with an "infrequent designated day off."[1] (*Id.* ¶¶ 47, 51.) Plaintiff alleges that he was "always required to be on call" and then alleges that he was required to be on call only from 7:00 p.m. until 11:00 p.m. every night. (*Id.* ¶¶ 51, 54.) According to Plaintiff, in August 2021, he was required to work six days a week from approximately 8:00 a.m. to 11:00 p.m., "for over 105 hours per week." (*Id.* ¶¶ 51-54.) Plaintiff also alleges that during the relevant time period he "typically" worked 77 hours per week, and yet also alleges that "his actual working hours" were 73 hours per week. (*Id.* ¶¶ 52, 54, 56.)

Plaintiff brings this action on behalf of all other and former employees of Defendants. (Id. ¶ 13.) Plaintiff alleges Defendants engaged in a pattern or practice of violating the FLSA and NYLL by (1) failing to pay employees minimum and overtime wage hours for hours worked in excess of 40 hours per week; (2) failing to keep records that satisfy statutory requirements; and (3) failing to provide employees wage statements and annual pay notices. (*Id.* ¶¶ 76-101.)

---

[1] As discussed more fully *infra*, Plaintiff's TAC is riddled with errors and inconsistencies.

## II.  Procedural History

Plaintiff commenced the action on February 9, 2023. (ECF No. 1.) On March 10, 2023, Defendants sought leave to file a motion to dismiss or, in the alternative, for a more definite statement. (ECF No. 11.) In response, Plaintiff requested leave to amend his Complaint. (ECF No. 12.) The Court granted Plaintiff leave to amend. (ECF No. 13.) On April 12, 2023, Plaintiff filed an Amended Complaint (the "FAC"). (ECF No. 15.) Defendants moved to dismiss the FAC. (ECF No. 46.) On November 30, 2023, this Court entered default judgment against Defendant 2390 Creston Realty LLC in the total amount of $190,849.01. (ECF No. 61.) On June 11, 2024, the Court granted Defendants' motion to dismiss. (ECF No. 62.) On July 11, 2024, Plaintiff filed a Second Amended Complaint (the "SAC"). (ECF No. 63.) On October 16, 2024, Defendants again moved to dismiss. (ECF No. 67.) On June 17, 2025, the Court again granted Defendants' motion to dismiss. (ECF No. 73.) The Court dismissed with prejudice Plaintiff's claims related to recordkeeping violations under the FLSA, dismissed without prejudice Plaintiff's claims related to unpaid overtime wages under the FLSA and under the NYLL, and granted Plaintiff leave to amend. (*Id.* at 9.) On June 17, 2025, Plaintiff filed the TAC. (ECF No. 75.) On October 10, 2025, Defendants filed the instant motion to dismiss the TAC. (ECF No. 80.)

## LEGAL STANDARD

## I.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement

to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II.     Law-of-the-Case Doctrine

The law-of-the-case doctrine "holds that when a court has ruled on an issue, that decision should generally be adhered to by the court in subsequent stages unless cogent and compelling reasons militate otherwise." *Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414, 425 (S.D.N.Y. 2014) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). *See also In re Peters*, 642 F.3d 381 (2d Cir. 2011) (noting that while not binding the law-of-the-case doctrine counsels against a court revisiting prior rulings absent compelling reasons such as the need to correct a clear error or prevent manifest injustice); *In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100 (S.D.N.Y. 2010) (same).

## DISCUSSION

### I.    FLSA Claims

This Court previously dismissed Plaintiff's complaint for failure to sufficiently plead his FLSA claims. Plaintiff's TAC is similarly deficient; therefore, the law-of-the-case doctrine favors dismissing Plaintiff's claims once more.

To restate the relevant standard, "[s]ection 207(a)(1) of FLSA requires that, 'for a workweek longer than forty hours,' an employee who works 'in excess of' forty hours shall be compensated for that excess work 'at a rate not less than one and one-half times the regular rate at which he is employed.'" *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113–14 (2d Cir. 2013). To state a plausible FLSA overtime claim, a plaintiff must allege: (1) at least one workweek in which they worked in excess of 40 hours; (2) that they were not paid for those excess hours; and (3) provide sufficient factual content and context to their allegation that makes their claim plausible. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89–90 (2d Cir. 2013). "Determining whether a plausible claim has been pled is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Lundy*, 711 F.3d at 114 (internal quotation marks and citation omitted). The standard to meet is not one that requires mathematical precision, but a plaintiff must draw on their memory and experience to provide a complaint with "sufficiently developed factual allegations" that "nudge their claim from conceivable to plausible." *Dejesus*, 726 F.3d at 90 (internal quotation marks and citation omitted).

This Court finds that Plaintiff still has failed to allege sufficient facts to state a plausible FLSA overtime claim because the TAC, as with the previous complaints, is internally inconsistent. First, Plaintiff generally states several times that he "regularly worked in excess of 40 hours per week." *See e.g.*, TAC ¶¶ 50, 53. Courts in this district have consistently held that a generalized

claim of working in excess of 40 hours per week, unaccompanied by any allegation as to what specific workweek the plaintiff worked overtime, or by how many hours, is insufficient to state a plausible FLSA overtime claim. *See, e.g.*, *Mota v. Abalon Exterminating Co., Inc.*, 2023 WL 5211022, at *3 (S.D.N.Y. Aug. 14, 2023) (dismissing overtime claim based on "estimates that generally he worked approximately 40-50 hours per week" for failure to identify a particular workweek in which an FLSA violation occurred); *Hosseini v. Miilkiina LLC*, 2023 WL 2136390, at *6 (S.D.N.Y. Feb. 21, 2023) (finding plaintiff's allegations of unpaid overtime insufficient to state a claim under the FLSA where she alleged she "[w]orked approximately between 40 and 50 hours per week" because that type of allegation does not meet the requirement of alleging "at least one workweek in which they worked in excess of 40 hours"); *Boutros v. JTC Painting & Decorating Corp.*, 2013 WL 3110943, at *3 (S.D.N.Y. June 19, 2013) (dismissing FLSA overtime claim for lack of "sufficient particularity" where the plaintiffs alleged working in excess of 40 hours per week without reference to any particular work week in which they worked overtime).

Second, Plaintiff's FLSA overtime claim is insufficiently pled because, as with his prior pleadings, the TAC contains internally inconsistent allegations regarding Plaintiff's work schedule, hours worked, and alleged overtime. For example, Plaintiff alleges that he worked at the Property seven days per week from 8:00 a.m. to 7:00 p.m., either "with no dedicated day off" or with only an "infrequent designated day off." (TAC ¶¶ 47, 51.) Plaintiff also alleges that he was "always required to be on call," yet elsewhere alleges that he was required to be on call only "from 7:00 p.m. to 11:00 p.m. every night." (*Id.* ¶¶ 51, 54.) The TAC likewise contains irreconcilable allegations regarding the total number of hours Plaintiff purportedly worked. Plaintiff alleges that, in August 2021, he worked six days per week from approximately 8:00 a.m. until 11:00 p.m. "for over 105 hours per week." (*Id.* ¶ 55.) But that schedule totals approximately 90 hours per week,

not 105, and also contradicts Plaintiff's allegation that he worked seven days per week. Plaintiff further alleges elsewhere that he "worked six days a week" from February 2019 through September 2022, again contradicting his alleged seven-day schedule. (*Id.* ¶ 56.) Finally, Plaintiff alleges that he "typically" worked 77 hours per week, elsewhere alleges "actual working hours of seventy-three (73) hours per week," and also pleads a fixed schedule that totals only 66 hours per week. (*Id.* ¶¶ 52, 54, 56.) These contradictory and mathematically inconsistent allegations fail to plausibly allege a coherent workweek or regular schedule in which Plaintiff worked more than forty hours without proper overtime compensation.

The only specific work schedule identified in the TAC concerns August 2021—months before Plaintiff's own sworn start date of employment with Denali on December 9, 2021. Plaintiff and his counsel each confirmed in sworn submissions that Plaintiff's claims against Creston "are separate and unrelated to any of his claims against…Denali as their employee from *December 9, 2021* until September 26, 2022." (Affidavit ¶ 24 (ECF No. 38) (emphasis added)); *see also* Declaration of Ernesto Garcia ¶ 4 (ECF No. 32) ("From January 2019 until December 9, 2021 I was employed by Defendant 2390 CRESTON REALTY LLC as the residential janitor of its apartment building."). Thus, by Plaintiff's own sworn account, he was employed by 2390 Creston Realty LLC—not Denali or Creston (2390 C LLC)—in August 2021. This Court already entered default judgment against 2390 Creston Realty LLC in the amount of $190,849.01 on November 30, 2023, and that entity has since been terminated from this action. (ECF No. 61.) As with previous pleadings, Plaintiff does not provide any explanation for the changes in hours or schedules within the pleadings, or for the overlapping and inconsistent employment periods alleged as to different defendants.

7

Plaintiff argues that Defendants are applying an outdated standard for FLSA claims that has been rejected by the Second Circuit, but this argument is based on a distortion of the governing law. In a trio of 2013 decisions, the Second Circuit clarified the pleading requirements for FLSA claims, requiring a plaintiff to allege facts showing he worked at least forty hours in a given week and some uncompensated time beyond those forty hours. *See Lundy*, 711 F.3d at 114; *Dejesus*, 726 F.3d at 89–90; *Nakahata v. N.Y.–Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013). Plaintiff mischaracterizes the Second Circuit's decision in *Herrera v. Comme des Garçons, Ltd.*, 84 F.4th 110 (2d Cir. 2023), claiming it "clarified [a] relaxed pleading standard for FLSA unpaid overtime claims" (Pl. Opp. at 4), and rendered *Lundy*, *Nakahata*, and *Dejesus* "inapplicable and outdated." (Pl. Opp. at 18). Plaintiff states that *Herrera* "superseded" those cases, and quotes *Herrera* for the proposition that an overtime claim is plausible "so long as the complaint adequately alleges that plaintiff worked more than forty hours each week they were employed." (Pl. Opp. at 15, quoting *Herrera*, 84 F.4th at 112). This is incorrect. *Herrera* did not overturn *Lundy*, *Nakahata*, and *Dejesus*, it expressly reaffirmed them. In doing so, *Herrera* summarizes that "the straightforward lesson we draw from these three decisions is that plaintiffs must plead FLSA overtime claims with 'specificity.'" *Id.* at 115 (quoting *Nakahata*, 723 F.3d at 200). *Herrera* further explains that "[t]o satisfy that standard, plaintiffs must 'sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" *Id.* (citing *Lundy*, 711 F.3d at 114; *Dejesus*, 726 F.3d at 88). Ultimately, *Herrera* holds that "[w]here the Plaintiffs plausibly allege that they worked more than forty hours per week as part of their *regularly scheduled* workweek, they have adequately stated a claim under the FLSA and need not list the specific workweeks during which they worked more than forty hours." *Herrera*, 84 F.4th at 112 (emphasis added). Simply put, plaintiffs who allege neither a specific workweek of unpaid

overtime nor a consistent weekly schedule from which such a week can be inferred fail to sufficiently plead an FLSA unpaid overtime claim under *Lundy* and its progeny.

As discussed *supra*, here, Plaintiff fails to plead any coherent or consistent weekly schedule in which he worked more than forty hours and was not paid because the TAC is so riddled with internal inconsistencies that the Court, drawing on its own judicial experience and common sense, cannot identify what exactly Plaintiff's regular work schedule was. The TAC also is replete with general statements that Plaintiff worked "in excess of 40 hours per week" and that his schedule "exceeded 40 hours a week." (TAC ¶¶ 7, 11, 24, 39, 53, 64, 65.) Those allegations, without more, are precisely the kind of generalizations that *Herrera* found "far too vague and unhelpful for putting a defendant on notice." 84 F.4th at 117; *see also Dejesus*, 726 F.3d at 90 (affirming dismissal where plaintiff alleged that she "typically" worked more than forty hours "in some or all weeks" but provided no detail about the length or frequency of her unpaid work).

Accordingly, because Plaintiff has failed to sufficiently plead a plausible FLSA overtime claim, Plaintiff's FLSA claims are dismissed.

## II.     NYLL Claims

Plaintiff also brings claims of failure to pay overtime, unpaid wages, recordkeeping violations, and failure to provide a wage statement under the NYLL. (TAC ¶¶ 89-101.) Because Plaintiff has failed to allege a FLSA claim, the Court will not exercise supplemental jurisdiction over the NYLL claims. *Rodriguez v. Westchester Cnty.*, No. 23-CV-5265 (NSR), 2025 WL 1939292, at *3 (S.D.N.Y. July 15, 2025) (a district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction") (quoting 28 U.S.C. § 1367(c)). Accordingly, Plaintiff's NYLL claims are dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and dismisses Plaintiff's FLSA and NYLL claims.

After five opportunities to cure the deficiencies in the complaint, the Court finds that further amendment would be futile, and Plaintiff's FLSA claims are dismissed with prejudice. *See Sodhi v. Mercedes Benz Fin. Servs.*, *USA, LLC*, 957 F. Supp. 2d 252, 255 (E.D.N.Y. 2013) ("[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile.") (citing *Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir. 2003)). Plaintiff's NYLL claims are dismissed without prejudice for Plaintiff to pursue in state court if he wishes.

The Clerk of Court is directed to terminate the motion at ECF No. 80 and this action.

Dated:    May 27, 2026                                    SO ORDERED:
          White Plains, New York

_____
                    NELSON S. ROMÁN
                 United States District Judge

10